DELAFIELD *vs.* KINNEY, President of the Erie County Bank.

A suit *against* an association formed under the *general banking law*, may be brought against it either *in the name of the association* or *in that name, with the addition of the name of the president thereof;* but *the contract must be stated* as having been made *by*, or with the bank using the name by which it acquires rights of action and contracts liabilities, or the declaration will be bad.

It is not necessary to allege in the declaration, that the notes or bills issued by such association, were signed by the *president* or *vice-president and cashier thereof;* it is enough to allege in general terms, that the association *made* the contract.

Whether *certificates of deposit* made by these associations are *negotiable instruments*, enabling an *endorsee* to bring an action in his own name, *quere.*

So also *quere*, whether these associations have authority to make *post-notes*, or *any negotiable notes, save such as are issued under the sanction* of the *comptroller* of the state.

DEMURRER to declaration. The *first count* is as follows: John Delafield, of the city of N. Y., plaintiff in this suit, by E. S. V., his attorney, complains of *George N. Kinney, president of the Erie County Bank*, an association formed under the laws of this state entitled " an act to authorize the business of banking," passed April 18th, 1838, and doing business at Buffalo, *defendants* in this suit, in a plea of trespass on the case upon promises pursuant to the statute : for that whereas *the said Erie County Bank* on the 10th July, 1839, at Buffalo, to wit, at, &c., made a certain note in writing *commonly called a certificate of deposit*, bearing date [ *346 ] *&c., and then and there delivered the said note or certificate of deposit, to one William Vandervoort, by which said note or certificate of deposit, the said *defendant* declared and certified that the said William Vandervoort had deposited in that bank at seven per cent interest, ten thousand dollars, subject to the said Vandervoort's order thereon, payable at the New-York Banking Company, in the city of New-York, six months after the date thereof. It was then stated in the usual form of de-

claring on negotiable bills, that V. endorsed the note to the plaintiff, of which the *defendant* had notice. By means whereof the *defendant* became liable to pay the plaintiff, &c. ; and in consideration thereof the *defendant* promised, &c.

*Second count.* And whereas also, the said *defendant*, on, &c.; at, &c. made a certain other note in writing, commonly called a certificate of deposit, by which said note the said *defendant* declared and certified that the said W. V. had deposited in the said Erie County Bank at seven per cent interest, $10,000, subject to the said W. V.'s order thereon, payable at the New-York Banking Company, in the city of New-York, six months after the date thereof ; and then stating the endorsement of the note and the liability and promise of the *defendant* as in the first count.

*Third count.* And whereas also the said *defendant*, on the same day and year and at the place last aforesaid, made a certain note in writing, *the handwriting of E. E. Smith, cashier of the said Erie County Bank, being thereto subscribed*, commonly called a promissory note, by which said note the said *defendant* promised to pay to the order of the said W. V., six months after the date thereof, the sum of $10,000, with interest, &c. at the New-York Banking Company, in the city of New-York. The endorsement of the note to the plaintiff, notice to, liability of, and promise by the *defendant* were then set out in the usual form. Special *demurrer* to each count, and *joinder*.

The case was submitted upon written points, without argument.

\*S. *Stevens*, for the defendant.                          [ \*347 ]

*E. S. Van Winkle,* for the plaintiff.

*By the Court*, BRONSON, J. Corporations formed under the general banking law may, like other bodies politic, sue and be sued by their original corporate names. True, the statute provides that suits by or on behalf of the association *may* be brought in the name of the president thereof; and that persons having demands against the association *may* maintain actions against the president. *Statutes* 1838, *p.* 250, § 21, 22. But there are no negative words, nor any thing going to take away either the right or the liability which the law attaches to every person, whether natural or artificial, to sue and be sued for the redress of injuries. A legal being, having capacity to transact business like an individual, and yet wanting power to assert its rights, and not subject to legal process when in the wrong, would be a strange anomaly in the law. The power and liability to sue and be sued, are necessarily incident to every corporation. This is so at the common law, and by express enactment. 1 *R. S.* 599, § 1, 2. The general

banking law has not repealed this provision ; it has only superadded another form in which injuries may be redressed.

Suits may be brought in either form ; but whether in the one or the other, it is a matter in which the president has no personal concern. It is the suit of the bank. In one form the bank sues or is sued by its original corporate name ; in the other, it sues or is sued by that name, with the addition of the name of the president. Both are corporate names—the one " to be used in its dealings," § 15, and the other to be used in legal proceedings. § 21, 22. A corporation may have several names, and one name may be used for one purpose, and another for another purpose. Its name may be received either mediately or immediately from the creating power, or it may be required by reputation. A bank under this law is authorized to choose its own name, but it is required to have one, " to be [ *348 ] used in its dealings," § 15 ; and it may appear in court by *that name simply, or with the addition of the name of its president. § 21, 22. If the latter form is adopted, it is still just as much the suit of the bank as though the name by which it deals were used ; and the only difference in framing the declaration, whether the suit be for or against the corporation, consists in the mode of stating the name in the commencement. The contract must be stated as having been made by or with the bank— using the name by which it acquires rights of action and contracts liabilities.

In this case, the plaintiff proceeds against the company, as he may do by law, by adding the name of its president ; and the first count very properly commenced by alleging that the contract was made—not by the president— but by the bank. This distinction is, however, soon lost sight of ; for after stating that the bank made a certain note or certificate of deposit, the pleader proceeds to say, that by the note or certificate the *defendant* declared and certified—the *defendant* had notice of the transfer of the note, became liable, and promised to pay the plaintiff. If the " defendant," as the pleader has used the word, means " George N. Kinney, President of the Erie County Bank," and not the bank itself, the plaintiff has failed to show any cause of action against the company. And the count does not show a good cause of action against " George N. Kinney," because it commences by alleging that the note was made by " the Erie County Bank," and Mr. Kinney is not answerable for their undertaking.

I was at first inclined to think the count might be supported on the ground already suggested, that each of these associations has two corporate names, by either of which it may sue or be sued. This company is sued by one of its names, to wit, " George N. Kinney, President of the Erie County Bank ;" and then the word " defendant," as used in the count, refers to, and means the corporation—not the individual. But the difficulty

with this view of the case is, that the name by which the company is sued, is not the name by which it is authorized to deal ; and the plaintiff, *consequently, fails to show that the bank made a valid con- [ *349 ] tract.

The pleader should have alleged that " the Erie County Bank" made the note, had notice, became liable, and promised to pay. That part of the count which states that the defendant became liable, and in consideration thereof promised, &c., might, perhaps, be rejected as surplusage. But the difficulty will still remain, for in stating the express contract, the pleader alleges, that the *defendant*—meaning, as has already been seen, either that George N. Kinney personally, or the bank by a name in which it is not authorized to contract, *declared and certified.*

The demurrer objects to this count on another ground. The statute provides, that " *contracts* made by any such association, and all notes and bills by them issued and put in circulation as money, shall be signed by the president or vice president and cashier thereof." § 21. But I think it is not necessary to set out the particular manner in which the bank contracted. It is enough to allege, in general terms, that it made the contract. That can mean nothing less than that the business was transacted in the forms prescribed by law.

In the second count the word *defendant* is used throughout. If this means *George N. Kinney*, and not the bank, the count is fatally defective ; for it only alleges, that Kinney by a note in writing, declared and certified to a *fact*—not that he made a *promise.* Let us insert his name, and see how it will then read. The plaintiff complains, that *Kinney* made a note in writing, by which he *declared and certified* that Vandervoort had deposited a sum of money *in the Erie County Bank*, subject to Vandervoort's order, payable at, &c. six months after date. If this shows a liability in any quarter, it certainly must be on the part of Erie County Bank, in which the money was deposited. Kinney only certifies to the fact of a deposit and the terms on which it was made, without himself undertaking to refund the money. And if he had promised to account for the money which the bank received, the promise would be void for the want of consideration. It is not *alleged that the deposit was made at his request or for his benefit. [ *350 ]

But I suppose the pleader meant the bank, and not Kinney personally ; and in this view of the case, the difficulty has already been suggested. The plaintiff declares that the *defendant*—that is, " George N. Kinney, President," &c.—made the note. Although the bank may be sued in that form, it had no authority to make a contract by that name.

The third count, though apparently upon a different contract, is subject to the same objection, that it does not state a promise by the bank. It alleges that the *defendant*—that is, Kinney, the president, made a certain note,

commonly called a promissory note, &c. That might do to charge him personally. But I suppose the plaintiff intended this as a declaration against the bank; and none of the counts show that the bank made a contract.

Whether the certificates of deposit mentioned in the two first counts are negotiable instruments which will enable the plaintiff to sue as endorsee for the money deposited ; and whether these associations have authority to make post notes, or any negotiable promissory notes save such as are issued under the sanction of the comptroller, are questions which have not been discussed, and upon which we therefore forbear to express any opinion.

Judgment for defendant.