FREDERICK PENTZ, President, &c. *vs.* SACKETT.

Plaintiff sued defendant as maker of a promissory note to his own order, and indorsed by him and another. The declaration commenced "Frederick Pentz, President of the Mechanics' Banking Association," and laid the indebtedness and promise to the *plaintiff.* Defendant pleaded, 1, non assumpsit, and 2, that plaintiff was not the owner of and had no interest in the causes of action mentioned in the declaration, to which there was a reply that plaintiff was the owner, &c. *Held,* that the words "president of," &c., could only be regarded as descriptive of the person.

It appeared on the trial that the Mechanics' Banking Association owned the note. Strictly, there should have been a verdict for plaintiff on the first issue, and for defendant on the second; and the plaintiff might then have moved for judgment *non obstante veredicto* on the second issue, on the ground that the second plea was bad in substance. Per BRONSON, J.

Where justice has been done, a new trial will not be gronted to enable defendant to start a technical objection which he did not make at the proper time.

ASSUMPSIT tried before KENT, Cir. J. at the New York circuit. The declaration commenced thus:—Frederick Pentz, President of the Mechanics' Banking association, the plaintiff in this suit, complains of Elisha B. Sackett, &c., for that whereas the said defendant on, &c., at, &c., was indebted to the said *plaintiff* in the sum of $3000; and so went on in the usual form to set out the money counts, lay-

ing the indebtedness and promise to the *plaintiff*. The defendant pleaded, 1, non assumpsit, and 2, that the *plaintiff* was not the owner, and had no interest in the causes of action mentioned in the declaration; to which there was a replication that the plaintiff was the owner, &c. On the trial the plaintiff gave in evidence a promissory note made by the defendant, November 18, 1841, by which he promised to pay to his own order six months after date $1429.05, at the bank of America. The note was indorsed by the defendant and one Valk. The plaintiff also offered in evidence a certified copy of the articles of association of " The Mechanics' Banking Association," which had been proved and recorded. The defendant objected " that the paper and the certificate of the proof thereof were not in conformity to the statute." The objection was overruled, and the evidence admitted. The defendant moved for a nonsuit on the ground that the plaintiff had given no evidence to maintain the issue on his second plea. The motion was denied. The defendant then gave in evidence an affidavit which had been made by the plaintiff Pentz, and used on a special motion, in which he swore that the Mechanics' Banking Association at the time of the commencement of the suit was, and still is the owner and holder of the note in question. The judge charged the jury, and they found a general verdict for the plaintiff for the amount of the note. The defendant moves for a new trial on a case.

*M. T. Reynolds*, for defendant.

*G. H. Mumford*, for plaintiff.

*By the Court*, BRONSON, J. The defendant is clearly right in saying that this is not the suit of the Mechanics' Banking Association; but is the suit of Frederick Pentz. He is the plaintiff. The words which follow his name, *president, &c.*, can only be regarded as a description of the person. If the pleader intended the bank should be plaintiff, he should either have sued in the corporate and business name of the bank; or, after giving the name and title of the president,

he should have alleged that the defendant was indebted to, and promised to pay the Mechanics' Banking Association. (*Delafield* v. *Kinney*, 24 Wend., 345; *The Ogdensburgh Bank* v. *Van Rensselaer*, 6 Hill, 240.) But this does not overthrow the action. The note given in evidence was negotiable and had been negotiated, and Frederick Pentz could as well sue on it as the bank, or any other holder.

The objection to the articles of association was quite too general to lay the foundation for all, or any one of the points which are now made upon the admission of that evience. The defendant should have specified the supposed defects at the circuit, as he does here. And besides, in the view which has been taken of the case the plaintiff had no occasion for giving the articles of association in evidence.

The motion for a nonsuit was properly overruled. The plaintiff produced the note, and it appeared to have been indorsed in blank. That was sufficient presumptive evidence that he was the owner, and enough to entitle him to a verdict on the second issue. No evidence to rebut that presumption had then been given.

It afterwards appeared that the note belonged to the Mechanics' Banking Association. Strictly, there should have been a verdict for the plaintiff on the first issue, and for the defendant on the second; and the plaintiff might then have moved for judgment *non obstante veredicto* on the second issue, on the ground that the second plea was bad in substance. But the defendant made no point on the trial that he was entitled to a verdict on the second issue. Justice has been done, and we ought not to grant a new trial to enable the defendant to start a technical objection which he did not make at the proper time.

New trial denied.