By the Court, Bronson, J.
This is an action against Henry Yan Rensselaer, and the words which follow his name—president of the St. Lawrence Bank—can only be regarded as a descriptio persones. The question was decided in Delafield v. v. Kinney, (24 Wend. 345.) It was also decided at the last term on the argument of a cause where the declaration was framed in the same way against an executor. And it is decided by all the precedents in the books where one is sued in autre droit. If the plaintiffs wished to recover a debt due from the St. Lawrence Bank, the declaration begins well enough by naming Yan Rensselaer, and describing him as president. But the pleader should then have proceeded to allege, that the St. Lawrence Bank was indebted, and, being indebted, promised to pay. And the breach should be, that the bank had not paid. And when one of these corporations sues in the name of its president, the pleader should allege that the defendant was indebted to the bank—not to the plaintiff.
It is said that the plaintiffs evidently intended to sue the St. Lawrence Bank. I do not doubt that the fact is so. But we are not interpreting a contract, and searching out the meaning of the parties from doubtful and equivocal words. This is a question of pleading, and'if we had an. affidavit that the pleader meant the bank, and not Yan Rensselaer, it would still be a declaration against the individual, and not against the bank.
As there is no pretence that Yan Rensselaer is insolvent, there is no foundation for the motion.
Motion denied.