# SUPREME COURT.

AARON LUCAS vs. THE TRUSTEES OF THE 2D BAPTIST CHURCH AND SOCIETY of the village of Geneva.

A motion to set aside a judgment, upon matters of substance, (not for mere technical irregularity,) is not required to be made the first possible opportunity.

An official statute certificate of a copy of a paper or document, signed by a *deputy clerk*, without stating or appearing that the *clerk was absent*, is valid. The legal presumption is, that the deputy has done his duty, and that the clerk was absent when the certificate was signed.

A slight variance between the original and copies of papers served, not calculated to mislead, will not avoid. So *held*, where the letters "L. S." were omitted in the copy; the original having a seal.

Where a summons was issued against a corporation by its *corporate name*, under the Revised Statutes, (before the code,) and served on the secretary; and subsequently a declaration was issued against each of the *trustees by name*, and served on each, without any reference in it to a suit having been commenced by summons, *held*, that the defendant's attorney was authorized to treat them as separate and distinct suits. The plaintiff's attorney having *verbally* informed defendant's attorney that but one suit was to be commenced did not obviate the difficulty.

*Ontario Special Term, Sept.* 1847.—This was an action of ejectment which was commenced by summons returnable January 16, 1847.

On the 15th January, 1847, the summons was served on George Lincoln, secretary of the corporation. On or about the same day, the attorney for the plaintiff served *on each of the trustees* of this society a copy of declaration, the title of which was of January term generally. The copies of declaration were not entitled in the cause commenced by summons, and there was no reference whatever in the declaration to its being in a suit commenced by summons. The declaration is commenced as follows: "Ontario county, ss. : Aaron Lucas, by John C. Strong his attorney, complains of Edward Johnson, Jason Jeffrey, George Lincoln, Thomas Nobles, Thomas Lee, John Brown, and John Dixon, Trustees, &c. of the Second Baptist Church and Society of the village of Geneva, a religious corporation under and by virtue of an act, &c." (reciting the several acts authorizing the incorporation of religious societies,) "*by declaration and notice, according to the Revised Statutes.*" Then, after describing the premises and stating the plaintiff's seizure, the declaration proceeds as follows: "And he, the said Aaron Lucas, being so possessed thereof, the said Edward Johnson, Jason Jeffrey, George Lincoln, Tho-

mas Nobles, Thomas Lee, John Brown, and John Dixon, trustees as aforesaid, afterwards, to-wit, on, &c. entered and ejected the plaintiff, &c." The notice to plead, annexed to the copies of declaration, was directed "to Messrs. Edward Johnson, Jason Jeffrey, George Lincoln, Thomas Nobles, Thomas Lee, John Brown, and John Dixon, trustees, &c. you are hereby notified, &c." The defendants' attorney treated the causes as if two suits had been commenced, and soon after the service of the summons and the copies of the declaration, the defendants' attorney served a notice of appearance for the corporation in the suit commenced by summons, on the plaintiff's attorney, and at the same time served a notice of retainer for each of the persons named as trustees in the suit which he claimed was commenced by declaration. The plaintiff's attorney soon thereafter informed the defendants' attorney that but one suit had been commenced, and that the summons and declaration were process and pleadings in the same suit. The defendants' attorney replied that there were two suits, and that he should so regard them; that an oral statement of any notice or agreement between the attorneys was by the rules of the court invalid, and could not, therefore, be relied upon or used; and that, if the plaintiff's attorney would give him a *written* notice or stipulation that he did not intend to commence but one suit, and would state in such notice which suit he would elect to stand by, he would receive the same and would act upon it. Plaintiff's attorney replied that he thought he would give such notice. The defendants' attorney not having received such notice, on the 3d February pleaded to the declaration, and at the same time served a notice on the plaintiff's attorney, requiring him to declare in the cause commenced by summons, before the end of the next term of the court, or that judgment of discontinuance would be entered. On the 2d June, the May term of the Supreme Court having ended, and no copy declaration having been served pursuant to the notice, the defendants' attorney entered judgment of discontinuance for costs. The defendants also produced the original certificate of incorporation, which showed that the corporation was correctly described in the summons.

A motion is now made to set aside the judgment of discontinuance, perfected in the suit commenced by summons.

The defendants claim that the motion should have been made at the general term, and the plaintiff is guilty of laches. The defendants also objected to the reading of a certified copy of the docket of the judgment, because it was certified by the deputy clerk, and it did not appear that

the clerk was absent from his office, and because the letters "L. S." for the place of the seal, are not in the copy of the papers served.

J. C. STRONG, *for plaintiff.*

C. J. FOLGER, *for defendants.*

HOYT, Justice.—The papers and notice of motion were served on the 6th of August last. At that time it could hardly be expected that the profession could have learned that a rule had been adopted that such motions could be heard at general terms, as the rules at that time had not been published. The motion is not to set aside the judgment for a mere *technical irregularity*, but if the defendants have been irregular, they would not now be entitled to the judgment they have perfected. It is not a case in which the plaintiff would be bound to move the first possible opportunity. I think the plaintiff is not guilty of laches in not moving earlier.

The second objection is not well founded. The presumption is that the deputy clerk has done his duty, and that the clerk was absent when the certificate was made. The court will not presume that the deputy has violated his duty.

The third objection is equally untenable. A slight variance in the original and copies of papers served, not calculated to mislead, will not avoid. The defendants in this case could not have been prejudiced or misled by the omission of the letters L. S. in the copy of the papers served.

But as to the *merits* of the motion; I am satisfied that the summons was against the corporation, by its proper corporate name, and precisely as it is described in the original certificate of incorporation. But the declaration on its face is not against the corporation by its *proper corporate name;* and there is no reference in it to a suit having been commenced by summons. On its face it purports to have been prepared for the original commencement of the suit, " *by declaration and notice according to the Revised Statutes, &c.*" clearly intimating or averring that the suit was commenced by declaration. If it was designed to have been against the corporation, it should not have proceeded against the trustees *by name*, but should have used the *corporate name as set forth in the summons.* There was no necessity for serving a copy of declaration in a suit commenced by summons, *on each* of the individual trustees; and it was not necessary, but improper *to name them* in the declaration. I think the defendants' attorney was correct in regarding the addition of the words "trustees, &c." to the names of Edward Johnson and the others, as a mere

*descriptio personarum.*   (6 Hill, 240; 24 Wend. 345; 9 J. R. 334; 8 Cow. R. 31.)

The defendants had a right to treat the proceedings by declaration as a separate and distinct suit from the one mentioned in the summons. The proceedings of the defendants have therefore been regular.

The motion must be denied, with $10 costs of opposing.

NOTE.—This case should have been reported before, but by accident got mislaid.   Most of the points in it, however, are of general and practical application under the present, as well as the former system of practice.