Paine, J.
In this case the plaintiff declared as administrator upon a promissory note endorsed to him as such administrator, but did'not make proferí of his letters of administration. For this cause the defendant. demurred to the complaint. At the special term judgment was ordered upon the demurrer as frivolous, and the defendant appeals.
Upon the argument the plaintiff resisted the demurrer, principally upon the ground, that the allegations in the complaint that the plaintiff owned and sued upon the note as administrator, and demanded judgment upon it as such, were only by way of description, and might be struck out, as surplusage.
In the present state of the law upon this subject, this ground does not appear tenable. Surplusage is defined to be “ matter *435 wholly foreign and irrelevant to the cause ” (1 Chit. PI. 263). And it is now well settled that an administrator may sue upon a promissory note made to himself as administrator, or he may sue upon it in his own right. He has a right to frame his suit in either way, and thus attach to it the incidents which belong to either mode of suing. But if he chooses to sue as administrator, the averment that he does so, is not foreign and irrelevant to the case. The idea that the character in which a party has a right to present himself and does present himself in court, a character which most materially affects the rights of both parties to the suit, may be struck out as surplusage, is certainly a novel one, and, I think, unsupported by authority.
There is, however, a case not very ancient, where it was held that the description of the plaintiff as administrator might be struck out as surplusage (Crawford v. Whittol, cited N. 5, 1 Doug. 4). That case, which was upon a foreign judgment recovered by the administrator, was decided in 1773, and at that time, as appears from several cases decided not long afterwards, such an action could not be brought by one in his character as administrator. The first case in modern times in which such an action was held to be maintainable was King v. Thom (1 T. R. 488), decided in 1786, which was followed by Cockerell v. Kynaston (4 T. R. 278), and finally by Cowell v. Watts (6 East’s R. 409), and since those decisions the law has continued settled that an administrator may sue upon contracts to himself as administrator, and where the money recovered would be-assets.
But it is not a little curious to observe the vibrations of the law upon points of difficulty. Before these two last changes upon this point, two opposite doctrines had been successively held at a much earlier period. The earlier cases of Warfield v. Warfield (Latch 220), 1 Vent. 109, Atkins v. Howard (Cro. Car. 219), 1 Ld. Raym. 436, Gray v. Lockwood (Barnes, 132), and Marsh v. Yellowly (2 Str. 1107), all held that in such cases one could not sue as administrator; that if he did he was liable for costs, and his description as administrator should be rejected as surplusage. But afterwards in Bull v. Palmer (2 Lev. 165). and Mason v. Jackson (3 Lev. 60), it was held that one might sue as administrator in such cases, and Lord Ellenborough, in Cowell v. *436 Watts (6 East, 409), expresses a wish that the rule laid down'in these latter cases had been abided by.
Such are the changes that have taken place upon this mooted point, and it would not be strange, where there has been so much difficulty and so much contention about the principal question, if some confusion should have occurred respecting incidental ones; and among them that of striking out as surplusage in such cases. The only modern cases which I have been able to find supporting this doctrine are Biddle v. Wilkins (Pet. S. C. R. 692), and Savage v. Meriam (1 Blackford's R. 176). These cases, however, were decided exclusively and entirely upon the authority of the case in the note to 1 Douglass, 4, and without any notice being taken of the entire change in the law upon the main point since that case was decided. The case in Douglass certainly is not law now, for the law and reason for that decision have ceased to exist; and I can only regard the decisions in Peters and Black-ford as having been made under a misapprehension by no means singular. The reason for the decision in Douglass was that where one could not sue as administrator the description of himself, as such, was foreign and irrelevant. The difference between that case and the cases in Peters and Blackford is, that in the latter he could sue in that character. The authority of cases, the error of which can be so plainly shown, ought not to be permitted to establish an absurdity.
In each of the two last cases the case of Talmadge v. Chappel (16 Mass. p. 71), was cited in support of the doctrine in question. But there is precisely the same want of analogy between that case and those as in the case in Douglass : for it was expressly held in the Massachusetts case that the administrator could not sue, as such, in that case.
It is now necessary to examine whether since the code proferí of letters of administration is any longer necessary. All the old forms of pleading inconsistent with the code are abolished, and the code declares what the complaint shall contain. Proferí of a record or instrument is not within its requirements ; for a statement of the cause of action may be made without making proferí (§§ 140, 142). And for the same reason the want of proferí is not a'ground of demurrer.' We think, therefore, that although before the code the want of proferí, where *437 it was necessary, was a good ground of demurrer, yet that it is not now; and that the judgment of the special term overruling the demurrer as frivolous must be affirmed with costs.
Bosworth, J.
The demurrer specifies, as grounds of objection to the complaint, “ that it does not appear that the plaintiff has legal capacity to sue, for that it is not stated in said complaint, that said plaintiff is administrator under or by virtue of any power or authority, granted by any court or officer in the State of New York, and also for that the said plaintiff has not produced or set forth any letters of administration to him.”
The code authorizes a demurrer, when it appears on the face of the complaint that the plaintiff has not legal capacity to sue. (Code, § 144, sub. 2.)
The defendant insists that it was necessary for the plaintiff to state directly and traversably that he was appointed administrator by the proper tribunal in this state.
This rule is only applicable to suits by administrators for debts due to the intestate, or to suits grounded upon some transaction with the intestate.
An administrator may sue in his own name, for the wrongful taking or conversion of the goods of the intestate, subsequent to his death. By the death of the intestate and the grant of administration, the title to such property is vested in the administrator. He may sue in his own name, and use the letters of administration in establishing his title. (4 Hill 75, Patchen v. Wilson.)
He may sue in one state in his individual capacity, on a judgment recovered by him in another state, as administrator. (16 Mass. 71, Talmadge v. Chapel; 3 Barb. Ch. R. 74, Laurence v. Laurence.)
If he sue as administrator, when he might have sued in his own name, he need not make proferí of the letters of administration. If he names himself as administrator, the description may be regarded as surplusage. (1 Blackford 176, Savage v. Merram.)
An administrator, whether foreign or domestic, may sue in his own name, upon a note payable to bearer, and transferred *438 to his intestate in the lifetime of the latter. (Brooks v. Floyd, 2 McCord, 364; Robinson v. Crandall, 9 Wend. 425; Patchen v. Wilson, 4 Hill, 57.)
The endorsement and delivery of the note to the plaintiff by the payee vests in him a right of action against all prior parties to it. (Chitty on Bills, 265.)
He could sue it in his own name, even if he was such administrator as the endorsement recites and the complaint avers. It cannot be said, therefore, that it appears on the face of the complaint, that the plaintiff has not legal capacity to sue. (Code, § 114, sub. 2.)
On the contrary, it appears that he has legal capacity to sue. The action is brought by the only party who could bring it, whether it is owned by him as administrator, or in his own right. Whether owned by him in the one capacity or the other, he may sue in his own name, and all the allegations in the complaint, as to his being administrator, may be regarded as irrelevant or redundant.
I think the demurrer is "clearly frivolous. It certainly does not assign the objection specified in sub. 2, of § 144. If it had, the answer would be, that the objection does not, in fact, exist.
The judgment appealed from should be affirmed.
Duer, J.
It is not denied that the plaintiff might have brought this action in his own name, and that his right to do so is patent on the face of the complaint, and as the averment of his character of administrator is thus confessed to be immaterial, it seems to me, a necessary consequence that it may be rejected as redundant. The code only requires those facts to be stated in the complaint which are material and issuable, and, under its provisions, immateriality and redundancy are convertible terms. Here, an issue upon the fact whether the plaintiff is administrator or nót, as he has described himself, would be plainly immaterial, and, upon a proper motion, as such, would be stricken out. The argument of the plaintiff, upon such a motion, would be brief and conclusive—“ Whether I am administrator or not, is unimportant; I am the person to whom the note was endorsed, and to whom you, the makers, are bound to pay it.”
*439 It may be quite true, as my brother Paine has argued, that under our former system of pleading, a description of a plaintiff, as an administrator, in a suit like the present, could not have been rejected as “ surplusage but governed by the provisions of the code, it seems to me impossible to say that a demurrer, which raises no other question than that of the legal capacity of the plaintiff to sue, must not be regarded as frivolous, when, striking out every word in the complaint to which objection is taken, the right of the plaintiff to maintain the action, upon the facts that remain and which the demurrer admits, is indisputable.
Upon the other question I agree entirely with my brother Paine, that in a complaint, under the code, a proferí of letters testamentary, or of administration, cannot justly be required, even where the action is brought, and can only be maintained by the plaintiff, in his representative character. It is sufficient to aver in the complaint that he sustains the character, and if it is denied, to produce upon the trial the letters granted to him, as the proper evidence of his title. The rule requiring a prefer t in the declaration was formal and technical, and as such is abolished. In the result, we all agree that the judgment at special term must be affirmed, with costs.