*Gridley, J.
— The.defendants have recovered 171 4 a .judgment in this cause, upon'the report of a referee,, for over two thousand - dollars, against the estate of John Sampson, deceased, upon pleadings which, by. the established principles of construction, involve only matters in dispute between the defendants and the plaintiff in his individual capacity. The evidence of the set-off against . John Sampson, deceased, was objected to, *165 when offered, as inadmissible, and received subject to the objection. The supreme court has affirmed the judgment, for the reason that the objection was not sufficiently explicit, to indicate the particular ground on which it was made. The evidence was clearly inadmissible, as was admitted in the opinion delivered in the supreme court, on the ground that the plaintiff’s demand arose after the death of the testator; and in such a case, no set-off can be received, notwithstanding it existed at the time of the death of the deceased. (Root v. Taylor, 20 Johns. 137; Fry v. Evans, 8 Wend. 530; Mercein v. Smith, 2 Hill 210; 2 R. S. 279.) This objection, it seems to me, should have prevailed, notwithstanding it was general in its character, unless it appeared that it could have been obviated by the defendant. I confess, I do not see how that could be done, on any state of pleadings between the parties; the objection was in the law; the evidence offered constituted no defence.
There is another objection to this evidence, which I regard as fatal to the judgment, and which it is competent for the plaintiff to avail himself of on this appeal. 1. I have said, that this is a suit by the plaintiff in his individual, and not in his representative character. This is a very important proposition; for if I am right in this conclusion, then the judgment against the plaintiff, as executor, which is really a judgment against the estate of John Sampson, is, upon the record, just as erroneous, as if, in a suit by A. against B., a judgment should be rendered against 0.
The declaration commences in the following form: “ Charles H. Merritt, executor of the last will and testament of John Sampson, deceased, plaintiff in this suit, by A. K. Hadley, his ^attorney, complains of John F. Seaman,” &c. This is the only part of L the declaration that contains any indication that the suit is brought by the plaintiff in any other than his individual character. The promises are all laid to the *166 plaintiff individually; and no mention is made of letters testamentary, either in the declaration, or in the testimony. This mode of describing the plaintiff as executor, is, upon all the authorities, to be regarded as merely a descriptio personae, in no respect changing the character of the pleadings, or the rights of the parties under them. In Ghitty on Pleadings (1 Ch. PI. 151-2), where the learned author is treating of the necessity of the declaration agreeing with the process in the character in which the parties sue or are sued, he says, “ though the process had described the plaintiff or defendant as being executor, administrator, &e., the plaintiff might declare generally in his own right, treating the description as a mere superfluous addition, just as if the word ‘ carpenter’ had been idly introduced.”[1] In Delafield v. Kinney, President of the Erie County Bank (24 Wend. 345), it was held, that a suit against an association under the general banking law, may be brought against it, either in the name of the association, or in that name, with the addition of the name of the president thereof, but the contract must be stated as having been made by or with the bank, in its corporate name. In Hunt v. Van Alstyne and others (25 Wend. 605) it was decided, that an action on a bill of exchange, in the name of an individual describing himself as president of a banking association, was a suit in the plaintiff’s individual character. Justice Cowen says, in his opinion, “ the declaration is one by the plaintiff, Hunt, in his own right; calling himself president of a certain company, is a mere descriptio personae; he does not declare as president of a company created under the general banking law.” In the Ogdensburgh Bank v. Van Rensselaer, President of the St. Lawrence Bank (6 Hill 240), the same principle was again declared, Bronson, J., saying, “this is an action against Henry Van Rensselaer, and the words which follow his name, President of the St. *167 Lawrence *Bank, can only be regarded as a descrip- ^ tio personx. The question was decided in Delafield v. Kinney (24 Wend. 345); it was also decided at the last term, on the argument of a cause, where the declaration was framed in the same way against an executor; and it is decided by all the precedents in the books, where one is sued era autre droit; the promises should have been alleged as made by the bank, and the breach should have been that the Bank had not paid.” See also to the same effect, Christopher v. Stockholm (5 Wend. 36), Talmage v. Chapel (16 Mass. 73), Biddle v. Wilkins (1 Pet. 692), Thomas v. Dakin (22 Wend. 9), Warden v. Worthington (2 Barb. 368, and the cases there cited.)i [2]
The plaintiff might have sued in his representative character, or individually, as he chose (Mowry v. Adams, 14 Mass. 327), though the cases in 1 Peters and 16 Mass, hold, that a suit by the executor in his individual capacity is the most appropriate to the legal rights of the parties. In the present case, there is no notice of a set-off against the plaintiff as executor, nor any allusion to any indebtedness of Sampson, the testator, to the defendants. Upon this state of facts, it is apparent, that the judgment against the plaintiff as executor presents an error on the record, which it is the duty of this court to correct.
2. There was also a claim of over four hundred dollars allowed by the referee, and which entered into the judgment, under an exception which seems to me to be fatal. The claim was mostly for money and other things furnished to a nephew of John Sampson, who was a clerk in the defendants’ store. When the young man was sent to the defendants, his uncle requested them to allow him such compensation as was customary in similar cases, and added, that if anything farther was needed *168 for his support, he would pay for it himself The witness was shown a bill of charges for cash paid to and for young Sampson, and asked, “ if those were proper items for a young man so situated.” This question was objected to, and the objection was overruled, and the testimony admitted. The witness said, he ^should 174] think from the bill the charges were -such as young Sampson would require, and no other evidence was given, that the charges in the bill had all been paid, though the witness recollected some of them. Now, the objection to this evidence is: 1. That the defendant had no right to furnish this young man with money; nor to pay bills which he had contracted; his uncle had expressly told them, that if he needed more than they were willing to pay him as a compensation for his services, that he would himself pay for 'what else was needed for his support. 2. The witness should have stated what the charges were, and given what facts he could in relation to the young man’s condition, and- should have specified the items of expense generally allowed to other young men who acted as clerks in New York, and -left it for the referee to decide in relation to the propriety of the charges.
I think, there must be a new trial; and the parties can make such application to the supreme court as they may think proper in relation to an amendment of the pleadings. If they desire to make an issue, to try the case as between the plaintiff in his representative character and the defendants, they can procure- an ■ amendment of the pleadings, which will enable them to do so.
Gardiner, J.
— The note in question constituted the sole cause of action in the present suit. It was made after the death of the plaintiff’s testator, and would maintain an action either in the name of-the plaintiff as an individual, or as the executor of John Sampson, deceased. The suit was brought in the name of the *169 plaintiff; the indebtedness, the consideration of the defendants’ promise, and the promise itself, are alleged in the declaration, as accruing to, and made with the plaintiff.
Under these circumstances, the defendants proposed to prove a set-off, of demands arising from services rendered by them, to the plaintiff’s testator, in his lifetime. This was objected to as incompetent, and the objection overruled by the referee, and the evidence admitted. The notice under which this offer was made, alleged an indebtedness on the part of the plaintiff to the defendants, *at the time of the commence- ^ # g ment of the suit. It is said, that the objection *- was too general; that it should have specified the ground of incompetency; there would be force in this suggestion, if the objection to the evidence could have been obviated before the referee. The pleadings of both parties present cross-demands, for and against Charles H. Merritt, as plaintiff; the evidence offered tended to prove a debt against John Sampson, deceased, in his lifetime, in favor of the defendants. The parties to the suit must, therefore, be changed, to render the evidence admissible; as this difficulty could not be obviated in any manner upon the hearing, a general objection was all that was necessary.
2. A witness had testified, that John Sampson, sen., the plaintiff’s testator, had told the defendants, in 1838, when his nephew entered their service as a clerk, to allow him the customary compensation, and if anything more was needed for his support, he would pay it himself. The witness was then shown an account from the books of the defendants, against the nephew, consisting of various cash items, and was asked, whether those items were proper for a young man so situated. The question was objected to as incompetent, and the objection overruled by the referee. The evidence was incompetent, in the first place, in calling for the opinion of *170 the witness upon a mixed question of law and fact, as to what was necessary for a young man, in the condition of the nephew of the elder Sampson. (6 • W. & S. 80.) And in the second place, because there was no foundation, in the facts proved, for an opinion, even if such evidence was admissible. It had not been shown in any way, that anything was needed by the young man, beyond the compensation the, defendants were bound to allow him; or, if necessary, that anything had in fact been advanced to him. A transcript from books, which themselves were not evidence, was the or¿¿y proof upon which the witness was to predicate his judgment; and the only evidence upon which the defendants were allowed to recover. I think, the judgment should be reversed.
Judgment reversed, and new trial awarded

 Bright v. Currie, 5 Sandf. 433.

 Bonesteel v. Garlinghouse, 60 Barb. 338; Murray v. Church, 1 Hun 49 ; Leland v. Manning, 4 Ibid. 7.