The East River Bank agt. Dewitt C. Judah and others.

---

## NEW-YORK COMMON PLEAS.

### THE EAST RIVER BANK agt. DEWITT C. JUDAH AND OTHERS.

An association formed under the General Banking Law may maintain an action either in the name of its president, or the name used in transacting its business.

*At Special Term, October,* 1854.—The plaintiffs being a banking institution, organized under the general act, brought an action in the name designated in the articles of association.

The defendants demurred to the complaint, and among other causes of demurrer alleged that the action should have been in the name of the president, as provided by statute, and that the complaint did not show a cause of action.

JOHN NEWHOUSE, *for plaintiffs.*

E. R. L'AMOUREUX, *for defendants.*

INGRAHAM, First Judge.—The plaintiffs, being an association under the general banking act, bring their action in the name of the East River Bank, and not of their president.

To this complaint the defendant, Judah, demurs.

The grounds of demurrer are all embraced in one, viz., that the action should have been in the name of the president instead of the name used.

The *Act of* 1838, *p.* 250, provides that all suits and proceedings may be brought in the name of the president thereof, and no other provision has been subsequently made altering this mode of bringing actions.

It is argued, on behalf of the plaintiffs, that the decisions of the late court of errors that these associations are, to a certain extent, corporations, authorize the use of the corporate name, and that there is no foundation for this demurrer.

If such a decision had been made, that the free banks were corporations in the full meaning of the term, the use of the corporate name would be proper, but I do not so understand the decisions referred to.

In the case of *Warner agt. Beers*, (23 *Wend.* 103,) it was decided that these associations were not corporations within the meaning and spirit of the constitution.

In *The People agt. The Assessors of Watertown*, (1 *Hill*, 616,) the supreme court held, that for the purposes of taxation they were to be considered corporations. (*See also* 3 *Hill*, 389.)

In *Tracy agt. The North American Trust and Banking Co.*, (12 *Leg. Ob.* 302,) the question has been fully examined by the general term of the supreme court in this district, and the court held, that although possessed of certain corporate attributes, and subject to certain corporate liabilities, they are not bodies corporate within the meaning of the constitution.

It cannot, therefore, be said that these decisions have established that such associations are corporations as usually understood by that term, and, therefore, possess all corporate powers belonging to them when properly created.

But although not corporations in the full meaning of that term, I think the decisions justify the conclusion that they

possess enough of a corporate character to warrant them in using the name in conducting legal proceedings, which by law they are authorized to assume in making contracts.

There are various bodies which possess a *quasi* corporate existence, and which can sue in their general name without designating the individual members, and that rule, I think, may with propriety be applied to these associations.

By the 16th section of the act of 1838 they are authorized to adopt a name to be used by the association in its dealings. By that name it has been held they must make their contracts, and that in an action brought against the president of the association, the averment that the. defendant made the contract was held to be bad, " the pleader," says Judge Bronson, should have alleged that (the bank) by its name, made the note, &c. (*Delafield agt. Kinney*, 24 *Wend.* 349.)

If it may contract by that name, and in averring such contract the name of the bank must be used in a pleading, as showing the making of the contract, I see no reason why the same name may not be used in legal proceedings.

In the case last referred to, Judge Bronson says: " Corporations formed under the general banking law may sue and be sued by their original corporate names." " True, the statute provides that suits by the association may be brought in the name of the president thereof. But there are no negative words taking away the right to sue and be sued."

" The general banking law has only superadded another form in which injuries may be redressed."

The intent of the provision allowing suits to be in the name of the president was, undoubtedly, to guard against any difficulty which might arise from the construction that such associations did possess any corporate powers, if some other way than the corporate name was not provided for enforcing their rights; but since the adjudications referred to, I see no necessity of confining these associations to the use of the name of their presidents in actions brought by them. On the contrary, either mode is consistent with their powers, and may be adopted in actions either for or against them.

The other objections are not valid, and they are substantially noticed in the remarks already made.

Judgment for plaintiff on demurrer, with leave to defendant to answer on payment of costs.