Burrick K. Clarke, Trustee, &c., *v.* Henry K. Richardson.

Where the defendant—his brother being in the possession of premises as tenant, and in arrear for the rent of the preceding quarter ending February 1st—agreed in writing " to pay $150 on the 3d of May for rent of house," &c.; *held,* that the agreement was a collateral undertaking, and void as expressing no consideration, and that the same, under the circumstances, did not warrant a presumption that the defendant acquired any interest in the transaction, so as to constitute the contract an original one. (2 R. S. 4th ed. p. 417, marg. p. 135, title 2, chap. 7, part 2, § 2, sub. 2.) Ingraham, First J., and Woodruff, J., *concurring ;* Daly, J., *dissenting.*

THIS action was instituted to recover the money mentioned in the following written agreement, executed by the defendant:

" I hereby agree to pay B. K. Clarke, trustee, one hundred and fifty dollars, on the 3d day of May, 1854, for rent of house, seventy-two Lexington avenue. New York, February 27, 1854. (Signed,) H. K. Richardson."

The parties went to trial upon admissions signed by their respective attorneys, to the effect, 1, that the defendant signed the instrument on the day of its date; 2, that the plaintiff, as trustee, had signed and delivered to Charles O. Richardson the receipts for rent paid by him for the premises in question for the several quarters ending respectively on the first days of February, August and November, 1853; that at the time the agreement was executed, said Charles O. Richardson, who was a brother of the defendant, was the tenant of the premises, and was in arrear for the rent due for the quarter then next preceding, which ended on the first of February, 1854; and that he also failed to pay the rent for the quarter ending on the first of May, 1854.

The plaintiff had judgment, and the defendant appealed.

*Louis F. Therasson* and *John A. Bryan,* for the defendant.

*Henry J. Scudder* and *James C. Carter,* for the plaintiff.

INGRAHAM, FIRST J.—I see no ground upon which we could be justified in holding this contract to be valid.

The admissions are, that the defendant executed the agreement on which the action was brought, by which the defendant agreed to pay the plaintiff $150 on the 3d of May then next, for the rent of a house in Lexington avenue; that at the time of the agreement the brother of the defendant was the tenant of the premises; that the rent for the quarter ending February 1, 1854, was in arrear, and that he failed to pay the rent for the quarter ending May 1, 1854.

The fair interpretation of the agreement and admissions is, that the defendant's brother was in possession as tenant; that such tenancy continued till May 1st; that for the quarter

ending on that day he failed to pay the rent; and to pay the same, this agreement was originally intended by the parties.

There is uncertainty as to the time for which the money was payable, and I am not clear but that the plaintiff, before he could recover upon the agreement, should show, either by explanation or by proof of occupation, sufficient to relieve that uncertainty, and save the paper from the charge of being void on that account.

If not given for the payment of the debt of another, the statement that it was for the rent of premises, I suppose would be sufficient, without stating the consideration.

To attempt to uphold it, however, as free from the effect of the statute, would require a very active imagination to presume, first, a surrender by C. O. Richardson, and, secondly, a hiring by the defendant, neither of which is warranted by the only evidence on the trial. (See 1 Denio, 225.)

WOODRUFF, J.—Construing the agreement upon which the action is brought with the light thrown upon it by the facts admitted by the parties, it appears to me to amount to this, and to no more, though taken most favorable to the plaintiff:

Inasmuch as Mr. C. O. Richardson, my brother, in the occupation of the house of the plaintiff, as his tenant, has failed to pay the rent due by him therefor on the 1st of February last, I agree to pay the rent which will become due on the 1st day of May next, to wit, $150.

Here was no consideration for the defendant's agreement expressed in the writing, and the relation of the parties to the premises seems to me to wholly forbid the idea that the defendant acquired, by virtue of the transaction, any interest therein. If not, then the agreement was (what I think the admissions and agreement would most naturally suggest) an undertaking by the defendant to pay his brother's rent, and void for the want of a consideration expressed therein.

DALY, J.—There is nothing upon the face of the instrument to show that it was a collateral undertaking to answer

for the debt, default or miscarriage of another person.  It is a promise founded upon a consideration expressed, i. e., to pay $150 for rent of certain premises which are specified. The nature of the obligation and the consideration upon which it is founded, sufficiently appear; and the plaintiff, merely upon the production and proof of this instrument, would be entitled to recover.  The defendant, however, insists that the other testimony in the case, taken in connection with the instrument, shows that the promise was collateral. In other words, he seeks to establish, by parol evidence, that what upon the face of the instrument is an original obligation, binding upon the party, was, in fact, a collateral undertaking and void, not being in writing.  Conceding that parol evidence is admissible for such a purpose, (*King* v. *Laindors*, 8 T. R. 379,) it is sufficient, in the disposition of this case, to say, that the evidence relied upon does not establish conclusively that such was the agreement of the parties. The defendant having undertaken, on the 27th of February, 1854, to pay, on the 3d of May, 1854, $150 for the rent of the premises specified, the legal presumption would be, that he was entitled to the use and occupation of the premises up to the 3d of May, and that that was the consideration moving to the promise.  It was admitted, for the purpose of the trial, that when this instrument was signed, the brother of the defendant was in occupation of the premises as tenant; that he was in arrear for rent then due, that is, for the quarter ending February 1, 1854, and that he failed to pay the rent for the quarter ending May 1, 1854.   Being a tenant in possession at the time when the agreement was signed, the presumption would be, in the absence of any proof of the nature of his tenancy, that he was a tenant from year to year, and that his term continued until the 1st of May, 1854.  (Best on Presumptions, 179 ; 1 R. S. part 1, chap. 2, title 4, § 1, 4th ed. 152.) But that presumption is not sufficient to establish that the undertaking of the defendant was to answer for the default or miscarriage of his brother.  It is equally consistent with the presumption that it was of that collateral character, to

presume that the defendant occupied the premises from the 27th of February to the 3d of May; that the brother was released and discharged from his obligation to the landlord, and the defendant substituted in his stead; or any other presumption, to warrant and support an original undertaking on his part. I see nothing in this evidence to defeat the plaintiff's right of action on this instrument, or which, taken in connection with it, establishes that the agreement of the defendant was to answer for the debt, default or miscarriage of any one.

The undertaking was to the plaintiff. He could sue in his own right, and his describing himself as trustee, &c., may be regarded as mere *descriptiones personarum*, and rejected. (*Merritt* v. *Seaman*, 2 Seld. 168; *Bright* v. *Currie*, 5 Sandf. 433.) The judgment should be affirmed.

INGRAHAM, FIRST J., and WOODRUFF, J., concurring, the judgment was reversed.