## THE LEONARDSVILLE BANK *a.* WILLARD.

*Supreme Court, Sixth District ; General Term, January,* 1859.

SUITS BY BANKING ASSOCIATIONS.—EVIDENCE OF INCORPORATION.

A banking association formed under the general law may sue in its associate name. It is not restricted to using the name of the president.

In an action by a banking association, the original certificate recorded in the county clerk's office, with proof that it had done business and issued bills which were countersigned, is sufficient evidence of its due organization, without direct proof that a copy of the certificate had been filed with the secretary of state.

Appeal from a judgment.

The plaintiff was a banking association formed under the general act of 1838, and brought this action against James M. Willard and George Curtiss, to charge them as indorsers of a promissory note.

The answer set up usury, and also denied that the plaintiff was an incorporation under the act (which the allegations of the complaint had referred to), and denied that its corporate name was the Leonardsville Bank. The answer further alleged, as a separate defence, that at the time of the commencement of the suit the bank was not a corporation, nor had it the right to sue in the name of the Leonardsville Bank, or otherwise ; but only in the name of the president, if at all.

The action was referred, and the referee found for the plaintiff, and judgment was entered in his favor. The evidence, so far as material, is stated in the opinion.

From the judgment the defendants appealed to the court at general term.

*Abbott & Moore,* for the appellants.

*Goodwin & Mitchell,* for the respondent.

BY THE COURT.*—BALCOM, J.—(After disposing of the question of usury.) The plaintiff's counsel introduces as evidence the original certificate of association, which was signed and acknowledged by Dennis Hardin and others, to show that the plaintiff was a general banking association duly formed under the general banking law. It had been recorded in the office of the county clerk; but the plaintiff did not give any direct evidence to show that a copy thereof had been filed in the office of the secretary of state. There was proof, however, that the plaintiff had done business as a bank, and issued bills, duly countersigned, which it could not have done unless a copy of the certificate had been duly filed in the secretary's office, as required by law. (*Laws of* 1838, 248, § 16, subd. 5.)

I think that it was not necessary for the plaintiff to give direct evidence that a copy of the certificate had been so filed, and that the proof that it carried on the banking business and issued bills duly countersigned, authorized the referee to come to the conclusion that a copy of the certificate was properly filed. The original certificate was competent evidence for the plaintiff (*Laws of* 1838, 249, § 17), and I think it established all that was necessary to show that the plaintiff was a duly organized banking association  It has been repeatedly held that banking associations are corporations (see 10 *How. Pr.*, 135; 3 *N. Y.*, 479; 7 *Ib.*, 328); and I think the Court of Appeals has not so far overruled its former decisions in Leavitt *a.* Blatchford (17 *N. Y.*, 521), as to warrant this court in holding that actions cannot be maintained in the corporate names of such associations.

My conclusion therefore is, that the plaintiff could sue in its corporate name as well as in the name of its president, and that the judgment in this action should be affirmed with costs.

Decision accordingly.†

* Present, MASON, BALCOM, and CAMPBELL, JJ.

† This judgment was affirmed by the Court of Appeals, December, 1862.