The only questions which remain in this case, since the jury have found against the defence of usury, are, first, whether the plaintiff proved itself to be a corporation; and secondly, if the proof in that respect was sufficient, whether it was entitled to sue in its corporate name instead of using the name of its president, as it is permitted to do by the general banking law. *Page 575 
1. The plaintiff gave in evidence the original certificate of incorporation, which was made, executed and acknowledged in the year 1856, in conformity with the sixteenth section of the general banking law, and showed, by a clerk's certificate indorsed thereon, that it had been recorded in the county clerk's office; but it was not proved that a copy had been filed in the office of the secretary of state. It appeared that the association immediately commenced business by issuing bank notes, and making discounts, and that the paper sued on was discounted by it as a bank of circulation in 1857; and that the proceeds were advanced in the currency issued by the bank, by which I understand the notes countersigned at the bank department, and executed by the officers of the association, according to the statutes. The general banking law also requires that a copy of the certificate of incorporation shall be filed in the office of the secretary of state; and subsequent acts forbid a banking association to commence business until it shall have deposited with the bank department, the securities required by law, to the amount of $100,000. (Laws of 1840, 306, § 3; Laws of 1844, p. 416, § 1.) The defendants' counsel insist that the plaintiff has not sustained the affirmative of the issue joined, as to the existence of the corporation, because it has not shown the filing of the certificate with the secretary of state, or the depositing of the securities with the department. This might have presented a question of some difficulty when a stricter rule on the subject prevailed than the one which has been established by recent decisions of this court. The case of the Bank of Toledo v. TheInternational Bank (21 Wend., 542), and the two cases referred to in the opinion of the court, show that where a certificate of incorporation has been executed under a general law authorizing the formation of corporations in that manner, and there has been a user of corporate powers under color of the certificate, and the party setting up the want of corporate existence has recognized the corporation by transacting business with it as such, the proof is, prima facie, sufficient. The present case is fully within the rule, except that it is not shown that the defendant Curtiss, the accommodation *Page 576 
indorser of the note, personally participated in the application for the discount of it; but no objection personal to him was taken on the trial. The motion for a nonsuit was made on behalf of both defendants, and the point taken was the general one that the plaintiff had not shown itself to be a corporation. The defendant Willard had transacted business with the bank, and had corresponded with its officers, so as to bring him clearly within the doctrine of the cases. If the objection had discriminated as to Curtiss, it may be that the plaintiff would have proved a participation on his part in procuring the discount.
2. I am of opinion that the association might lawfully sue in the name mentioned in its certificate of incorporation. The banking law requires that the instrument should state the name assumed to distinguish the association, and to be used in its dealings (§ 16); and the plaintiff's certificate, which was given in evidence, contains such a statement. The provision, that suits may be prosecuted in the name of the president of the association, is permissive only, and not imperative (§ 21). Then, the association being a corporation, the general rule of the common law applies, that it has a capacity to sue and be sued by its corporate name. It is argued, on behalf of the defendant, that, since the case of Leavitt v. Blatchford (17 N.Y., 521), these associations are not to be considered corporations; but it will be seen, upon examination of that case, and of the opinions in Curtis v. Leavitt, which are substantially adopted inLeavitt v. Blatchford, that the corporate character of the associations is not questioned, but only that they are not embraced in the statutory system provided for the moneyed corporations existing under previous laws. The principle, that they are bodies politic and corporate, with the general attributes conferred upon corporations by the common law, has been an established doctrine ever since their constitutional legality was affirmed by the late Court of Errors. More than twenty years ago it was stated by BRONSON, J., in pronouncing the unanimous opinion of the Supreme Court in Delafield v. Kinney
(24 Wend., 345), that suits in behalf of those associations might *Page 577 
be brought in the name of the president, or in the collective name of the association, at the pleasure of the party suing. That was not the point involved in the case, though it was pertinent to the reasoning of the judge in discussing the question upon which the case turned. The opinion of so eminent a judge, uttered with the apparent approval of his brethren, confirmed, to a considerable extent, the practice of using the corporate name, instead of that of the president of the association, in actions by and against this class of banks. (East River Bank v.Judah, 10 How. Pr., 135.) On a pure question of form, we would not overturn a practice thus commenced and so long continued, unless the error was exceedingly clear.
The judgment must be affirmed.
All the judges concurring,
Judgment affirmed.