ROBERT NICHOLS AND WILLIAM HALL, RESPONDENTS, *v.* CHARLES G. SMITH, LARRY LEWIS AND DUNCAN McRAE, APPELLANTS.

*Executor — Foreign judgments, action upon — must be brought in his individual name.*

An action can be sustained by a plaintiff in his own name, upon a judgment recovered by him as administrator in a foreign State.

APPEAL from an order made at Oswego Special Term sustaining a demurrer to the second count of defendant's answer. The action was brought in the individual names of the plaintiffs, and not in their representative characters as executors, to recover the amount of a judgment rendered in favor of the plaintiffs as executors of the last will and testament of Samuel Dickson, late of the province of Ontario, in the dominion of Canada, deceased. Said judgment was recovered on September 12, 1872, in the Court of Common Pleas of said province in said dominion, then being a court of general jurisdiction duly created under the laws thereof. The complaint alleged that there are no creditors of the estate of said Dickson residing in the State of New York. The defendants allege, in their second answer or defense, that the plaintiffs have not the legal capacity to sue in the courts of this State; that they are the executors of Dickson, deceased, named in the complaint, and are appointed and authorized

as such executors, by virtue of and under the law of said province and dominion, a foreign government, and not otherwise, and that the judgment was obtained by and belongs to plaintiffs in their representative capacity as foreign executors and not otherwise. The plaintiff demurred to the said second answer on the ground of insufficiency, and that the same constituted no defense to the action. The demurrer was sustained at Special Term, with leave to defendant to amend on payment of costs. The defendants appealed to this court from the order sustaining the demurrer.

*John H. White,* for the respondent.

*Rhodes & Richardson,* for the appellants.

NOXON, J.:

The precise question in this case was decided in the courts of Massachusetts in the case of *Talmage* v. *Chapel* (16 Mass., 69), where it was held, in an action upon a judgment already recovered in favor of the plaintiff as administrator, in the State of New York, that the action could be sustained by the plaintiff in his own name, and not as administrator. The court say in the opinion : " The debt was due to him, he being answerable for it to the estate of the intestate." " An administrator here (in Massachusetts) could not maintain an action upon this judgment, not being privy to it. Nor could he maintain an action on the original contract ; for the defendants might plead in bar the judgment recovered against them in New York. The debt sued for is in truth due to the plaintiff in his personal capacity. For he makes himself accountable for it by bringing his action ; and he may well declare that the debt is due to himself." I am not aware that the precise question has been adjudicated in the courts of this State. But the reason of the rule for promoting justice, as laid down in 16 Massachusetts, is as strong in this State as in Massachusetts. In *Bright* v. *Currie* (5 Sandf., 437), Justice BOSWORTH states the rule to be, that an administrator in one State may sue, in his individual capacity, on a judgment recovered by him in another State as administrator. And the same rule is laid down by the chancellor in *Lawrence* v. *Lawrence* (3 Barb. Ch., 74), who cites the case in 16 Mass., 71, with approval.

(See, also, Story on Conflict of Laws, 516, 517.)  In the case of *Petersen* v. *Chemical Bank* (32 N. Y., 21), a number of cases are cited where the executor or administrator may sue in his own name in the courts of this State; and the rule is laid down as established, that an "executor, as soon as he has clothed himself with the commission of the Probate Court, is vested with the title to all the movable property and rights of action which the deceased possessed at the instant of his death.  The title of the executor, it is true, is fiduciary and not beneficial.  That title is, however, perfect against every person except the creditors and legatees of the deceased."  So in the case before us, the title to the judgment was absolutely in the plaintiffs; and when they take proceedings in our courts to collect the judgment it is in the nature of a chose in action, and may be prosecuted here in their individual names.  The judgment is to be used on the trial to show and establish their title, and the amount they are entitled to recover.  There is no substantial reason, why a recovery may not be had in this case in the individual names of plaintiffs, as well as in cases arising upon promissory notes and other choses in action.  If the judgment had been assigned by them the assignee would be entitled to recover in his own name within the authority of 32 New York, 21.  It is not stated in the complaint how the plaintiffs, as individuals, derive title, except as may be inferred from the complaint.

The complaint states that there are no creditors of the estate of said Dickson, deceased, residing in the State of New York; and this fact, if proved, would show that the rule established as to executors and administrators, suing in our courts, would hardly apply if the action had been in the name of plaintiffs as executors.

The rule laid down in 16 Massachusetts can work no injustice; on the other hand, it gives a remedy in cases where, without it, no remedy would seem to exist.

The order sustaining the demurrer should be affirmed with costs, with leave to defendants to amend their answer within twenty days, on payment of costs.

MULLIN, P. J., and SMITH, J., concurred.

Judgment accordingly.