## BECKHAM v. HAGUE.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

1. ACTION BY NONRESIDENT—SECURITY FOR COSTS.
   The security for costs which a defendant, by Code Civ. Proc. § 3268, may require from a nonresident plaintiff, may be claimed as a matter of right.

2. FOREIGN CORPORATION—NATIONAL BANK.
   A national bank located in another state is a foreign corporation, within Code Civ. Proc. § 3343, subd. 18, declaring that every corporation is a "foreign corporation," except corporations created by state law, or by federal or colonial law, and located in the state.

3. ACTION BY NATIONAL BANK RECEIVER—SECURITY FOR COSTS—DISCRETION.
   A receiver of a national bank, appointed by the comptroller of the currency under the federal statute, is not an official assignee, trustee of an express trust, nor a person expressly authorized by statute to sue, within Code Civ. Proc. § 3271, declaring that in actions by or against such parties the court may, in its discretion, require of the plaintiff security for costs.

4. SAME.
   The nonresident receiver of a national bank located in another state, since he is not suing in a representative capacity, as defined by Code Civ. Proc. § 3271, in which case security for costs would be in the discretion of the court, and none of the assets of the bank being within the jurisdiction and control of the courts of this state, cannot sue therein without giving security for costs, as required by section 3268 from nonresidents or foreign corporations.

Appeal from special term, New York county.

Action by R. E. Beckham, receiver of the El Paso National Bank of Texas, against James D. Hague, to recover an assessment made on defendant by the comptroller of the United States as a stockholder of the bank. From an order denying a motion to require plaintiff to give security for costs (60 N. Y. Supp. 213), defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George Coggill, for appellant.
Andrew Price, for respondent.

BARRETT, J. The application here differs from that made in Pursley v. Rodgers (decided at the present term) 61 N. Y. Supp. —, in that it is in terms made under section 3268 of the Code of Civil Procedure; and consequently security for costs is claimed as matter of right, because of the plaintiff's nonresidence. The legal status of the plaintiff here also differs from that of the plaintiff in the case referred to. The present plaintiff is a nonresident of this state, and the bank of which he is receiver is a foreign corporation, within the definition of section 3343, subd. 18, of the Code. It is created by or under the laws of the United States, but it is not located within the state. Then, too, the action is not brought by the receiver in any of the representative capacities defined in the provisions of the Code with respect to security for costs. It is therefore, within the contemplation of these provisions, brought by him individually. He was appointed receiver of this bank by the comptroller of the cur-

rency, under power conferred by the federal statute. This statute did not bring him within section 3271 of the Code. It did not make him an official assignee, nor the trustee of an express trust, nor a person expressly authorized by statute to sue. He was authorized to sue,—not expressly, however, but as a fair implication from the authority to collect debts due to the bank. And the supreme court of the United States has held that he was so impliedly authorized to sue either in his own name, or, where the common-law forms of pleading still prevail, in the name of the bank to his own use. Kennedy v. Gibson, 8 Wall. 498; Bank v. Kennedy, 17 Wall. 19; Thomp. Corp. § 7280. In this state it has been held that, where permission to bring suits in the name of the president of banking associations was given by statute, such an association may sue in its corporate name as well as in the name of its president. Bank v. Willard, 25 N. Y. 574. As the plaintiff, suing in no representative capacity defined in section 3271 of the Code, is a nonresident, and the bank for which he sues is a foreign corporation, and as none of the assets of the bank are within the jurisdiction or control of the courts of this state, the case is clearly brought within both the spirit and the letter of section 3268 of the Code.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur; VAN BRUNT, P. J., in result.