INTERNATIONAL ASSETS CORPORATION, Respondent, *v.* ABRAHAM AXELROD, Appellant.

First Department, June 20, 1935.

*Thomas F. Murphy* of counsel [*Olcott, Paul & Havens,* attorneys], for the appellant.

*Herbert S. Duncombe, Jr.,* of counsel [*Duncombe & Duncombe,* attorneys], for the respondent.

McAVOY, J. Plaintiff sues to recover from the defendant for money loaned, and on account stated, the sum of $21,899.05.

The amended complaint alleges that the International Germanic Company, Ltd. (plaintiff's assignor), the defendant and a certain other party, prior to June 19, 1929, were engaged in a joint venture in the stock of the Associated Dyeing and Printing Corporation; on that day they executed an agreement wherein each party's liability, including the defendant's, was fixed at $43,568.13 as of May 31, 1929; that on June 19, 1929, plaintiff's assignor loaned to the defendant the sum of $21,899.05, for the purpose of paying one-half of the defendant's liability under the joint venture; that defendant promised to repay, orally and in writing, but has failed to do so on demand.

The second cause of action alleges that prior to May 24, 1930, the International Germanic Company, Ltd., the defendant and a certain other party had dealings in the nature of a joint account in the stock of the Associated Dyeing and Printing Corporation; on that day the plaintiff and defendant met and had a settlement of their account, by which it appeared that there was due and

owing to the plaintiff from the defendant the sum of $22,988.50, with interest from June 20, 1929; that the defendant promised to pay this amount to the plaintiff, but has not paid it after demand.

The answer is a general denial, and as a separate defense alleges that the defendant was a member of the joint venture to the extent of sharing in the profits, but not the losses; that it was agreed between the parties that the agreement would impose no obligation whatsoever on the defendant, and that it was merely for bookkeeping purposes, and to induce Eastman, Dillon & Co. to give an accounting; that it was further agreed that if the defendant gave to the other two parties in the joint venture 1,866 shares of stock, he would be relieved of liability, if any, under the joint venture; that defendant performed the acts on his part to be performed.

Plaintiff moved for summary judgment on the ground that no triable issue was raised by the answer. It is claimed that the parol evidence rule excludes the proposed defense.

The rule is well settled that " want of consideration [or] delivery upon an unperformed condition and the like may be shown by parol, not to contradict or vary, but to destroy a written instrument. Such proof does not recognize the contract as ever existing as a valid agreement and is received from the necessity of the case to show that that which appears to be, is not and never was a contract." (*Thomas* v. *Scutt*, 127 N. Y. 133; *Smith* v. *Dotterweich*, 200 id. 299.)

The proposed defense here is not an attempt to vary or add to a written instrument. It seeks to destroy it, and comes within the rule.

There being triable issues, the order granting plaintiff's motion for summary judgment, and the judgment entered thereon, should be reversed, with costs, and the motion denied, with ten dollars costs.

MARTIN, P. J., MERRELL, O'MALLEY and UNTERMYER, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.