Jasen, J.
In this action by the plaintiff to recover on a demand note made by the defendant corporation and guaranteed by the individual defendant, plaintiff was granted summary judgment from which the defendants appeal.
The individual defendant, Daniel R. Ehrlich, an officer and principal stockholder of the defendant corporation, American Moninger Greenhouse Manufacturing Corporation, was the brother of Sydney M. Ehrlich, plaintiff’s deceased husband.
On May 22,1961, while Sydney Ehrlich was still alive, plaintiff gave defendant Daniel Ehrlich a check for $40,000 drawn on her account and payable to the defendant corporation. Following Sydney’s death, plaintiff asked defendant Ehrlich to repay the $40,000. Instead of repayment, the plaintiff received the corporation’s note for $40,000 payable on demand with 6% interest. The note, guaranteed personally by the individual defendant, recited that it was for value received. Between May 18, 1964 and June 16, 1967, the corporate defendant paid plaintiff $10,440 in interest and $10,000 in principal on the note. In the fall of 1967, defendants refused to make further payments on the note and on November 14, 1967, plaintiff commenced this action to recover the sum of $30,000, the balance due on the note.
In opposing plaintiff’s motion for summary judgment, the defendants argued that notwithstanding the recitation of 8 8 value received ’ ’ on the note, there was actually no consideration *258 therefor since the moneys transferred to the defendant corporation in the form of the $40,000 check represented an investment rather than a loan, such investment having been orally agreed upon by the individual defendant and his brother, plaintiff’s decedent husband. Further, it was claimed the transaction was camouflaged as a loan for “ tax reasons ”. Special Term’s denial of plaintiff’s motion for summary judgment was reversed on appeal to the Appellate Division.
In granting summary judgment, the Appellate Division held that the documentary evidence indicates that the transaction was a loan and that the parol evidence rule prevents the defendants from varying the “ definite terms of the instrument.” Moreover, the court went on to note that “it is doubtful that any testimony as to the alleged oral agreement would be admissible in evidence (CPLR 4519).”
We agree that summary judgment was properly granttifl here. However, we are of the opinion that the Appellate Division’s interpretation of the parol evidence rule and CPLR 4519, in the circumstances of this case, requires clarification.
CPLR 4519 bars testimony of an interested person in regard to a transaction with a decedent, in an action against the “ executor, administrator or survivor of a deceased person * * * or [against] a person deriving his title * * * through or under a deceased person ’ ’. Inasmuch as plaintiff has brought this action in her individual capacity, and not as a representative of an estate or a survivor of a decedent, CPLR 4519 would not bar the defendant’s proffered testimony about his dealings with the decedent Sydney Ehrlich. (See, generally, Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 4519.08-4519.11; Richardson, Evidence [9th ed.], § 417.)
Furthermore, the parol evidence rule may not be the basis for summary judgment in this case since under that rule the defendants would be entitled to rebut the recital of “ value received ’ ’ on the note. The recitation of receipt of consideration is a “ mere admission of a fact which, like all such admissions, may be explained or disputed by parol evidence.” (Richardson, Evidence [9th ed.], § 585; Smith v. Dotterweich, 200 N. Y. 299; Baird v. Baird, 145 N. Y. 659; International Assets Corp. v. Axelrod, 245 App. Div. 300.)
*259 However, while neither CPLR 4519 nor the parol evidence rule provide a basis for granting summary judgment in this case, the Appellate Division reached the proper result in holding for the plaintiff. In opposing plaintiff’s motion for summary judgment, it was incumbent upon the defendants to do more than merely raise an issue of consideration. It was essential for the defendants, in claiming absence of consideration, to state their version of the facts in evidentiary form. 1 £ Bald conclusory assertions, even if believable, are not enough. ’ ’ (Kramer v. Harris, 9 A D 2d 282, 283; P. D. J. Corp. v. Bansh Props., 23 N Y 2d 971; Rafner v. Toplis & Harding, Inc., 25 A D 2d 826; Di Sabato v. Soffes, 9 A D 2d 297.)
A review of the record before us discloses that the allegations of the defendants fail to adequately raise a triable issue. . Every piece of documentary evidence — the note, the entry in plaintiff’s checkbook, and the books of account and financial statements of the defendant corporation — conclusively indicate that this transaction was a loan. Moreover, the explanation of defendants, that the transaction was made to appear as a loan for ££ tax reasons ”, is not sufficient to overcome the overwhelming documentary evidence offered by the plaintiff. Just what these “ tax reasons ” were and how disguising the transaction as a loan would have benefited any of the parties involved is not disclosed. Such would at least be needed to prevent summary judgment for the plaintiff.
Finally, we agree with the Appellate Division’s disposition of a subsidiary issue raised by the defendants. It was claimed by defendants that the money in the account upon which the $40,000 check was drawn actually belonged to the late Sydney Ehrlich and, hence, the defendant Ehrlich should be allowed to assert counterclaims which he had against Sydney as a setoff. The Appellate Division disallowed such counterclaims without prejudice to defendant’s raising them in another action.
The rule is well established that counterclaims against a plaintiff are restricted to the capacity in which he sues. (Merritt v. Seaman, 6 Barb. 330, revd. on other grounds, 6 N. Y. 167; cf. Thompson v. Whitmarsh, 100 N. Y. 35; CPLR 3019; see, also, Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3019.08, 3019.28.) The reason for this rule is readily apparent in this case. Here, the action was instituted by the plaintiff in her individual *260 capacity and not as a representative of her husband’s estate. To allow the defendant Ehrlich to assert a counterclaim which he has against the estate of his deceased brother' in the present litigation would, if successful, afford him a preference over other creditors of the estate.
The defendants, however, are not without a remedy. They may, if so advised, institute an action against the estate, name the plaintiff herein a party defendant in the suit, prove their contentions relative to the real party in interest on the note and, if successful, impress a constructive trust upon the proceeds of this instant proceeding. (See Latham v. Father Divine, 299 N. Y. 22, 27; and 61 N. Y. Jur., Trusts, §§ 140-143, for a general discussion of the doctrine of constructive trusts.)
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel and Gibson concur.
Order affirmed.