Harold J. Hughes, J.
This is a special proceeding brought pursuant to article 4 of the Civil Practice Law and Rules for a judgment under subdivision 12 of section 63 of the Executive Law permanently enjoining the respondent from engaging in the fraudulent and illegal acts set forth in the petition and providing for the nullification of contracts and restitution to aggrieved consumers pursuant to said section.
The petition alleges that respondent is a corporation engaged in the business of selling water conditioning equipment by home solicitation sales. It is further alleged that respondent has been engaged in a course of making fraudulent representations to prospective customers by, inter alia, stating that the equipment is fully guaranteed for the life of the purchaser, whereas the equipment is in fact guaranteed for only a year and the consumers do not receive the true printed warranties until the equipment is installed after the contracts have been signed. The petition states that salesmen of respondent have sold equipment to consumers under the false pretense that it could cure severe water problems, when in fact it could not do so. The allegations of the petition are factually supported by the affidavit of an Assistant Attorney-General assigned to the Bureau of Consumer Frauds and Protection with documentary evidence attached thereto. The only paper submitted by respondent is a verified answer consisting of a general denial.
Pursuant to CPLR 409 (subd [b]), the court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised. The standards governing a special proceeding are those applied by the court on a motion for summary judgment (see 1 Weinstein-Korn-Miller, NY Civ Prac, par 409.03). In order to defeat a motion for summary judgment, the opponent must present facts having probative value sufficient to demonstrate an unresolved material issue which can be determined only at a plenary trial (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.05c). It has been held that even affidavits submitted to the court are insufficient if they merely set forth conclusions or repeat the allegations contained in the pleading (see, e.g., Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255). In the present case, the general denial of the respondent has failed to raise any factual issue.
*20 Subdivision 12 of section 63 of the Executive Law provides, inter alia, that whenever any person shall engage in repeated fraudulent or illegal acts, the Attorney-General may apply to the Supreme Court for an order enjoining the continuance of such business activity or of any fraudulent or illegal acts and directing restitution. The Attorney-General has made a sufficient showing as to warrant entry of a judgment enjoining the respondent from engaging in the fraudulent acts set forth in the petition and directing restitution to those aggrieved customers named in the affidavit of David A. H. Rapaport submitted in support of the petition.
The petition is granted to the extent indicated herein, with an additional allowance of $2,000 costs (CPLR 8303, subd [a], par 6).