■ ROBERT ARNER et al., Respondents-Appellants, v LEE A. ARNER, Appellant-Respondent. — In an action to recover moneys due on a contract, (1) defendant appeals and plaintiffs cross-appeal from an order of the Supreme Court, Queens County (Sharpe, J.), dated March 23, 1981, which, upon the plaintiffs' motion for summary judgment, inter alia, dismissed the claim asserted on behalf of plaintiff Robert Arner and granted plaintiff Howard Arner partial summary judgment against the defendant in the principal amount of $12,500, and (2) defendant appeals from a money judgment of the same court entered in favor of plaintiff Howard Arner on August 21, 1981. Order and judgment reversed, on the law, without costs or disbursements, motion denied, and Robert Arner's claim is reinstated. The affidavit submitted in opposition to the plaintiffs' motion establishes the existence of a triable issue of fact regarding the intent of the parties in executing the underlying agreement. When the issue involved is whether the parties intended to create a legal relationship or enter into a binding contract, the parol evidence rule has no application and does not bar the admission of extrinsic evidence to establish that a writing which appears to be a contract is not a contract because it was never intended to operate as such (see Bernstein v Kritzer, 253 NY 410; International Assets Corp. v Axelrod, 245 App Div 300; see, also, Fisch, New York Evidence [2d ed], § 52, p 34; Richardson, Evidence [Prince, 10th ed], § 607, p 602). In essence, then, the defendant does not rely upon the alleged agreement to establish his ownership of plaintiff Howard Arner's former interest in the underlying business enterprise, but rather on the concept of a completed gift of stock. In addition, and contrary to the conclusion of Special Term, plaintiff Robert Arner may, in fact, maintain a cause of action against the defendant as a third-party beneficiary of the underlying agreement between the defendant and coplaintiff Howard Arner (see Clark v Howard, 150 NY 232). Accordingly, summary dismissal of so much of the

complaint as affected Robert Arner's claim for damages was improper. Gulotta, O'Connor and Rubin, JJ., concur.

Weinstein, J. P., concurs in part and dissents in part, with the following memorandum: I concur with the majority insofar as it holds that plaintiff Robert Arner may maintain a cause of action against defendant as a third-party beneficiary of the contract. However, I dissent to the extent that I vote to affirm the partial summary judgment granted to plaintiff Howard Arner. The contract signed by Howard and the defendant recites that, as consideration for a 50% interest in Good Time Party Rental, Inc., defendant would, *inter alia,* pay Howard the sum of $12,500. Defendant seeks to avoid this obligation and to raise an issue of fact by introducing parol evidence that the parties never intended that the contract be binding. Specifically, he states that the contract reflects an inflated purchase price solely for the purpose of dissuading one Jack Fisher, who had the right of first refusal in the event any stock in the corporation was to be transferred, from opting to buy the stock. Defendant contends that this suit was commenced to "punish" him for agreeing to testify against Robert at the latter's trial for the murder of his wife (defendant's mother). I would note, however, that defendant does not claim that any fraud was committed, and he does not seek rescission of the contract; he asserts that the 50% interest in the corporation was validly transferred to him under the contract, as a gift. In my view, the parol evidence which defendant seeks to introduce is, like most parol evidence, inadmissible. An explicit statement as to consideration, of a contractual nature, cannot be countered by parol evidence (see *Hutchinson v Ross,* 262 NY 381; 22 NY Jur, Evidence, § 609). "The parol evidence rule * * * renders inadmissible evidence as to what the parties to a written contract understood, or what they intended, where it contradicts or varies the clear and unambiguous terms of the instrument" (22 NY Jur, Evidence, § 615, pp 122-123). The cases cited by the majority hold that parol evidence can be introduced to show that the parties never intended that the contract operate as such; that the contract is, in effect, a nullity. But that is not the purpose for which defendant seeks to have this evidence admitted. He wishes the contract to remain effective insofar as it transfers 50% ownership of the corporation to him. In light of this, I note the Court of Appeals pronouncement that "while in some circumstances parol evidence may be introduced to show that it was the intention of the parties not to enter into an enforcible contract, that principle is predicated on proof of the intention of the parties that the entire contract was to be a nullity, not as here that only certain provisions of the agreement were not to be enforced * * * but that other provisions were to be enforcible" (*Bersani v General Acc. Fire & Life Assur. Corp.,* 36 NY2d 457, 461; see *Meinrath v Singer Co.,* 482 F Supp 457). Thus, I view the parol evidence in question to be inadmissible. Accordingly, defendant has failed to raise an issue of fact as to enforcement of the contract and partial summary judgment was properly entered against him and in favor of Howard Arner.