■ THOMAS TORELLI, as Administrator of the Estate of JAMES TORELLI, Deceased, Appellant, v JOHN ESPOSITO et al., Respondents. — Order of the Supreme Court, New York County (McCooe, J.), entered on July 22, 1982, which denied plaintiff's motion for partial summary judgment, is reversed, on the law, with costs and disbursements, and summary judgment granted to plaintiff with respect to the first and third causes of action. The first cause of action of the complaint seeks to recover the principal sum of $365,000, plus interest, pursuant to a promissory note executed by defendants-respondents. The third cause of action is for enforcement of the stock pledge provisions in a stock purchase agreement. Defendants' answer asserts that the transaction in question is void for lack of consideration, that the purported loan was fictitious, a sham and also usurious. Plaintiff moved for partial summary judgment on the first and third causes of action and, in support, submitted an affidavit with the loan and stock agreement documents indicating defendants' acknowledgment of the debt, the. purchase of the stock and the security pledge. Defendants' opposition to the motion was founded entirely upon conclusory statements by defendant John Esposito that the plaintiff's decedent never owned the stock, that defendant was the owner of the shares which were purportedly bought by the defendants, and that the documents were part of a fictitious scheme to show a stock purchase when, in reality, there was only a usurious loan. Although these conclusory allegations were completely unsupported by any factual substance or documentary evidence, Special Term concluded that there was sufficient parol evidence to create an issue of fact and, therefore, preclude summary judgment. In *Leghorn v Ross* (42 NY2d 1043), the Court of Appeals held that while parol evidence is admissible to defeat a motion for summary judgment, in an action based on a promissory note something more than mere conclusory statements is necessary. An affidavit submitted in response to a motion for summary judgment must contain evidentiary facts and may not be based simply upon surmise, conjecture and suspicion. (*Shapiro v Health Ins. Plan of Greater N. Y.*, 7 NY2d 56.) Where, as is the situation here, the promissory note and the stock purchase agreement are unambiguous on their face, demonstrate consideration and execution duly acknowledged by the debtor, the defendants were required to do more than merely raise a possible defense. Rather, it was essential that they "state their version of the facts in evidentiary form. 'Bald conclusory assertions, even if believable, are not enough.'" (*Ehrlich v American Moninger Greenhouse Mfg. Corp.*, 26 NY2d 255, 259.) Since an examination of the record in the instant matter fails to reveal a triable issue, Special Term improperly denied plaintiff's motion for partial summary judgment. Concur — Sandler, J. P., Sullivan, Ross, Carro and Milonas, JJ.