■ DAVID W. BERNSTEIN et al., Appellants, v VICTOR FREUDMAN et al., Respondents. — Order of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on January 16, 1984, which denied plaintiffs' motion for partial summary judgment, denied defendants' cross motion for an order of preclusion and directed plaintiffs to respond to defendants' notice of discovery and inspection, is unanimously modified, on the law, to the extent of granting plaintiffs' motion for summary judgment on the first and second causes of action and severing these causes of action, vacating the direction that plaintiffs respond to defendants' notice of discovery of inspection as academic, directing the clerk of the Supreme Court, New York County, to enter an interlocutory judgment of $130,958.21 on the first cause of action and $15,702.12 on the second cause of action, and otherwise affirmed, with costs and disbursements. ¶ This dispute arises out of a written contract, dated March 29, 1978, entered into by the parties herein. At the time of the agreement, plaintiffs Joseph and J.D.K. Realty owned certain real property in Staten Island, designated as "Group II Land" in the contract, and defendants Freudman, Lee and Berger (now deceased) were vendees under a contract to sell other real property, known as "Group I Land", which was located in the same vicinity as plaintiffs' property. The purpose of the agreement was to construct sewage disposal facilities for the benefit of each group's property and to engage in a joint venture to develop other real property. Pursuant thereto, plaintiffs conveyed a portion of their land to a corporation formed by defendants to build a sewage treatment plant. Defendants were to obtain approvals for, and construct, the plant and retention basin, maintain and operate the improvements, which were to be of sufficient capacity to service the maximum number of one-family houses that could be erected upon plaintiffs' remaining property. According to article Fifth of the contract: ¶ "A. If any member of Group I or Group II (for purposes of this Agreement, any member of the family of any such member, or any partnership, joint venture, corporation, or any other entity, in which any of the foregoing has an interest, directly or indirectly, shall be included as a member of such group) presently owns or hereafter purchases or acquires, directly or indirectly, at any time, any interest in any of the property within the same natural drainage basin as is

806

Group II Land, or in any of the property that uses the S.T.P. at any time, including, without limiting the generality of the foregoing, the following tax blocks: 6920, 6924, 6925, 6926, 6927, 6930, 6931, 6961, 6965, 6966, 6967, 6968 and/or 6969 (collectively, 'Joint Land' herein), the members of Group I and Group II, as the case may be, covenant and agree to offer to the other group a participating interest in such Joint Land in the following proportion: ¶ "Group I: 75% ¶ "Group II: 25% * * * ¶ "J. Group I and Group II, in the same proportion the Joint Land and/or the Commonly Owned Land is owned by each such group, shall pay to Group II a sum calculated by application of a fraction, the numerator of which is the total number of one-family house connections (each, considered as one) plus the total number of two-family house connections (each, considered as two), and the denominator of which is the amount of the numerator plus the sum of eighty two (82), against the sum of One Hundred Sixty Four Thousand ($164,000) Dollars. Said payment shall be due and payable to Group II as and when the Joint Land and/or the Commonly Owned Land has been sold." ¶ After the sewage treatment plant had been completed and both parties had sold their interests in the property affected by the agreement, plaintiffs commenced the instant action. The first cause of action alleges that defendants had sold joint land with the right to 325 connections and had failed to pay the compensation required under paragraph J of article Fifth, calculated as $164,000 multiplied by the fraction of 325 over 325 plus $82 \frac{(325)}{(407)}$ or $130,958.21. The second cause of action claims that defendants had a 75% interest in block 6885 and plaintiffs a 25% interest therein, that this land had rights to 12 one-family house connections, and that defendants had sold the subject property but had failed to pay plaintiffs the compensation mandated by the same contractual provisions, computed as $164,000 multiplied by the fraction 12 over 12 plus $82 \frac{(12)}{(94)}$ or $20,936. In response, defendants contend that by failing to pay specified management fees, plaintiffs repudiated the agreement between the parties and that there were mutual mistakes of fact regarding the definition of "joint" and "commonly owned" land. Defendants also assert three counterclaims against the plaintiffs: for reformation of the contract based upon mutual mistake, $15,000 for management fees, and specific performance directing that plaintiff execute the assignment of a certain mortgage. ¶ Plaintiffs Joseph and J.D.K. Realty subsequently moved for partial summary judgment in connection with the first and second causes of action. While admitting the sale of the land with rights to 325 sewage connections, defendants, in opposition, maintain that plaintiffs, for their part, had sold property with rights to 82 sewage connections and that neither party had offered the other a participating interest in the property involved. Defendants state that the reason for this was because property owned or in the process of acquisition at the time that the contract was executed was not intended to be considered "joint" land and, thus subject to the operation of paragraph J of article Fifth. However, defendants concede that the present action does not concern "commonly owned" land, which is property acquired after the date of the agreement. Defendants further argue that since block 6885 was not expressly referred to in paragraph A of article Fifth, it is not "joint" land. ¶ Special Term, in denying plaintiffs' motion, concluded that the affirmative defense of mutual mistake was sufficiently supported by defendant's affidavit in opposition so as to raise an issue of fact as to whether the written contract expressed the actual agreement between the parties. The court also determined that it was unclear if block 6885 was intended to be "joint" or "commonly owned" land. We disagree. Defendants have failed to demonstrate any facts substantiating their claim of mutual mistake. In that respect, the law is well established that broad, conclusory assertions are inadequate to withstand a motion for summary judgment. (*Capelin Assoc. v*

*Globe Mfg. Corp.,* 34 NY2d 338; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255.) ¶ According to paragraph A of article Fifth, any land in which defendants had an interest at the time that the agreement was executed is "joint" land and, therefore, within the meaning of the payment formula contained in paragraph J of article Fifth. The fact that block 6885 is not specifically denominated in paragraph A of article Fifth does not preclude it from the operation of paragraph J of article Fifth since this parcel of property meets the alternative standard of being connected to the sewage treatment plant and, at any rate, paragraph A of article Fifth specifically states that it is not limited to the blocks designated therein. Plaintiffs' failure to offer participating interests to defendants in their own "joint" property as required by paragraph A of article Fifth cannot defeat enforcement of the contract. Defendants, however, could have asserted a counterclaim against plaintiffs for such purported noncompliance. Since defendants have not rebutted the presumption that the instrument herein expressed the intention of the parties, Special Term should have granted the motion for summary judgment. As to the second cause of action, plaintiffs' concede that defendants' liability therein is not the sum sought in the complaint, but rather $15,702.12, representing the amount to which plaintiffs are entitled by virtue of their 25% interest in block 6885. In view of our decision here, the direction that plaintiffs respond to defendants' notice of discovery and inspection is academic and is, therefore, vacated. Concur — Sullivan, J. P., Carro, Milonas and Alexander, JJ.