■ Maurine Hess, Respondent, v Mary H. Kruse, Appel-

lant.—In an action to recover a broker's commission, the defendant appeals (1) from an order of the Supreme Court, Westchester County (Isseks, J.), dated January 4, 1986, which granted the plaintiff's motion for summary judgment and (2) from a judgment of the same court, dated January 27, 1986, in favor of the plaintiff and against her in the principal sum of $16,500.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Since the brokerage agreement involved here included an "Exclusive Right to Sell" clause, the broker was entitled to receive the commission for any sale which occurred within the time frame specified in the agreement whether or not she had any hand in bringing about the sale *(see, Hammond, Kennedy & Co. v Servinational, Inc.,* 48 AD2d 394, 397; 11 NY Jur 2d, Brokers, § 135). Viewing the allegations in the affidavit and the exhibits attached thereto in the light most favorable to the defendant, we find that they did not raise triable issues of fact in support of either of the defendant's affirmative defenses of fraudulent inducement or abandonment of the brokerage agreement.

Moreover, even if, arguendo, the "Exclusive Right to Sell" clause were not in effect, the plaintiff would have earned the commission, since, under any view of the evidence in the record, she was clearly the procuring cause of the sale that followed *(see, Greene v Hellman,* 51 NY2d 197, 205-206; *Laub & Co. v 101 Park Ave. Assocs.,* 101 AD2d 744; 11 NY Jur 2d Brokers, §§ 122, 133). Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.