OPINION OF THE COURT
Peter N. Wells, S.
In this final accounting procedure the petitioner, Alfred A. *814 Lasek, Jr., as administrator of the estate has moved for summary judgment dismissing objectant’s claim totaling $62,400 for practical nursing and household services rendered to the decedent from 1982 until his death on March 12, 1988.
It is well established that the key focus of a summary judgment application is issue finding not issue determination (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395). To successfully defeat a motion for summary judgment, a party must show "facts sufficient to require a trial of any issue of fact.” (CPLR 3212 [b].) In this regard it is incumbent upon the objectant to set forth facts of an evidentiary nature (Ehrlich v American Moninger Greenhouse Mfg. Corp., 26 NY2d 255). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient”. (Zuckerman v City of New York, 49 NY2d 557, 562.)
The record before the court reveals that the objectant lived with the decedent for over 40 years. Although the decedent and objectant were never formally married, the objectant claims that she was known as the wife of the decedent. Objectant is now seeking compensation for services rendered "as a practical nurse and for household duties and chores” to decedent. She admits that there was no express contract for her services. The bill of particulars sets forth that this claim is based upon an "alleged implied contract between her and the decedent.”
While unmarried persons living together are free to contract through an express agreement for services rendered in maintaining the household, the court will "decline to recognize an * * * implied contract for personal service between unmarried persons living together.” (Morone v Morone, 50 NY2d 481, 489.)
There is no showing in this record that the decedent agreed to pay claimant for such things as "purchasing the food and preparing the meals”. Indeed objectant was never characterized as an employee of decedent or at any time considered working for hire. In fact, the situation is quite the contrary. Objectant states that she was acknowledged as the wife in the family and that decedent declared her to be his wife to third persons. Under the circumstances, the personal services the objectant performed were those normally done by a wife in similar circumstances. As such, absent an express agreement for payment, there is no basis for this claim against the estate.
The allegation that the decedent said he would "take care of *815 her financially after his death” does not alter this determination. As stated in Dombrowski v Somers (41 NY2d 858, 859): "The words to 'take care of, in the context of this record, are too vague to spell out a meaningful promise. Even if they were not, standing alone, they would be legally insufficient to support a finding that there was a contract to compensate plaintiff during her lifetime rather than one to do so by bequest. In the latter case, an enforceable agreement would be required to be in writing (EPTL 13-2.1, subd [a], par [2]).”
Objectant contends that there is an independent witness to support her allegations. Yet, to date this witness’s affidavit has not been produced. Thus this assertion is merely conclusory in nature and without weight to deny summary judgment.
Objectant seeks to buttress her claim by asserting that she is somehow entitled to recovery in view of the broadened definition of "family” as set forth in Braschi v Stahl Assocs. Co. (74 NY2d 201). While this may be an ingenious approach, objectant’s reliance is misplaced. The court in Braschi, after noting the absence of any definition of the term "family” as used in section 2204.6 of the New York City Rent and Eviction Regulations (9 NYCRR 2204.6), concluded the term included "[f]amily members, whether or not related by blood, or law” (supra, at 212).
There is no indication that the Court of Appeals intended broad application of this expanded definition of family. In fact quite the contrary is clear. "[W]e conclude that the term family, as used in 9 NYCRR 2204.6 (d), should not be rigidly restricted” (supra, at 211; emphasis added). This court concludes that this is limiting language that clearly confines the Braschi definition of "family” to Braschi fact patterns. (See, supra, at 212, n 3 ["the definition * * * we adopt here for purposes of the noneviction protection of the rent-control laws is completely unrelated to”] [emphasis added].) The Braschi case involved statutory construction of rent-control regulations and is readily distinguishable from this case. Unlike the regulations interpreted in Braschi, the term "family” is not contained in either the Surrogate Court Procedure Act or the Estates, Powers and Trusts Law in any context that would support objectant’s claim.
Petitioner’s motion for summary judgment is granted in all respects.