■ BLAKE REALTY, INC., Doing Business as REALTY USA,
BLAKE DIVISION, Respondent, v R. TERRENCE GILLIGAN, Appel-
lant.—Casey, J. Appeal from an order of the Supreme Court
(Brown, J.), entered August 8, 1988 in Saratoga County, which
granted plaintiff's motion for summary judgment.

Plaintiff seeks recovery of a real estate broker's commission
due as the result of defendant's sale of commercial property
owned by him which was the subject of an exclusive listing
agreement between the parties. In support of its motion for
summary judgment, plaintiff submitted a copy of the exclusive
listing agreement signed by defendant and accepted by plain-
tiff, together with an affidavit alleging that the property had
been sold by defendant during the term of the exclusive listing
agreement. Defendant conceded that he had signed the agree-
ment and that the property had been sold as alleged by
plaintiff. Defendant argued, however, that no contract had
been entered into because there were ongoing negotiations as
to whether a sale by defendant to one of several persons with
whom he had had discussions prior to the listing with plaintiff
would be exempt from the exclusive listing agreement. Ac-
cording to defendant, there was no meeting of the minds and
he did not assent to the terms of the agreement because this
matter was unresolved.

On its face, the listing agreement, which defendant concededly signed, clearly provides that plaintiff would be entitled to its 10% commission if, *inter alia,* defendant sold the property himself during the term of the listing, and there are no exceptions, exemptions or conditions to this provision. The agreement also states that defendant read the agreement and understood its terms, and the agreement expressly provides that "[t]his agreement shall be binding upon the parties hereto". In the face of this clear and unambiguous language, defendant's argument must fail, for "[a]n individual who signs or accepts a written contract, in the absence of fraud or other wrongful act on the part of the other contracting party, is conclusively presumed to know its contents and to assent to them" *(Fiorentino Assocs. v Green,* 85 AD2d 419, 420; *see, Metzger v Aetna Ins. Co.,* 227 NY 411, 416).

In opposition to plaintiff's motion for summary judgment, defendant also claimed that plaintiff failed to market or otherwise broker the sale of defendant's property, and on appeal defendant claims that plaintiff is not entitled to summary judgment since the listing agreement conditions plaintiff's right to a commission upon its listing of the property in accordance with the rules and regulations of the multiple listing service. According to defendant, there is a factual issue as to whether plaintiff complied with this condition. Pursuant to CPLR 3015 (a), however, defendant was required to include in its answer a denial of the performance of a condition precedent, which "shall be made specifically and with particularity". Defendant's answer contains no such denial.

Defendant has failed to establish the existence of factual issues which, if resolved in defendant's favor, would preclude plaintiff from recovery of a commission on the sale of defendant's property. Supreme Court's ruling granting plaintiff's motion for summary judgment should, therefore, be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur.

Levine, J., dissents and votes to reverse in a memorandum. Levine, J. (dissenting). Although defendant's affidavit in opposition could have been more explicit, giving his averments the benefit of any and all favorable inferences, as we must on a motion for summary judgment, he contends that, at the time he signed the listing agreement, he specifically pointed out to plaintiff's representative that there were several prospective purchasers with whom he had been discussing the sale of his business and that, before the agreement with plaintiff was to

become effective, there had to be a further agreement between the parties excepting those several potential buyers from the exclusive listing. Supportive of defendant's position are the facts, uncontradicted by plaintiff, that defendant's copy of this simple, bilateral contract was not signed by plaintiff's representative when defendant executed it and gave one executed copy to plaintiff's agent, that plaintiff made no effort to market the business and, in fact, never delivered a fully executed copy to defendant or otherwise contacted him prior to defendant's independent sale of the business.

In my view, the foregoing proof by defendant created a triable issue of fact as to whether an operative listing agreement ever came into existence. In essence, defendant has submitted parol evidence of the failure of an oral condition precedent to the legal effectiveness of the agreement plaintiff seeks to enforce, long recognized as a valid defense *(see, Thomas v Scutt,* 127 NY 133, 137). Under modern New York law, parol evidence to establish the existence of such a condition precedent to an executed, delivered agreement is admissible unless the condition contradicts the express terms of the written agreement *(see, Long Is. Trust Co. v International Inst. for Packaging Educ.,* 38 NY2d 493, 496-497; *Hicks v Bush,* 10 NY2d 488, 491-492).* "A certain disparity is inevitable, of course, whenever a written promise is, by oral agreement of the parties, made conditional upon an event not expressed in the writing. Quite obviously, though, the parol evidence rule does not bar proof of every orally established condition precedent, but *only of those which in a real sense contradict the terms of the written agreement" (Hicks v Bush, supra,* at 491 [emphasis supplied]).

In my view, defendant's conditioning the effectiveness of the listing agreement on the parties' further agreement to except therefrom a sale to a narrowly drawn group of possible purchasers with whom defendant had previously dealt is not such a flat contradiction of the terms of the agreement as to bar parol proof. This is particularly so under the circumstances here of an unexplained, nonsimultaneous execution of the agreement by plaintiff and the similarly unexplained absence of delivery of a fully executed copy to defendant. Thus, the parties' conduct, both at the time defendant signed the agreement and subsequent thereto, supports rather than negates the existence of an unfulfilled condition upon the agreement's effectiveness.

Any inconsistency between the written agreement and the oral condition precedent defendant seeks to prove seems to

fall well within the cases where admissibility of parol to prove the condition was upheld (see, *Long Is. Trust Co. v International Inst. for Packaging Educ., supra; Hicks v Bush, supra; Bernstein v Kritzer,* 253 NY 410, 415-416; *Everett v Winnie,* 28 AD2d 605; *Peo v Kennedy,* 16 AD2d 306, 307-308; *International Assets Corp. v Axelrod,* 245 App Div 300, 301). Admissibility here is also supported by modern authoritative texts on the law of contracts (see, 3 Corbin, Contracts § 577, at 390; § 589, at 534; Restatement [Second] of Contracts § 217, text and comments a, b).

Accordingly, summary judgment should not have been granted here and I would reverse and deny plaintiff's motion.