■ VERNE GETREU, Appellant-Respondent, v JAY LEBOWITZ et al., Respondents-Appellants, et al., Defendant.—In an action to recover a real estate broker's commission, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Collins, J.), dated December 2, 1988, as granted the motion of the defendants Jay Lebowitz and Dabru Realty Corp. for summary judgment dismissing the complaint insofar as it is asserted against them, and the defendants Jay Lebowitz and Dabru Realty Corp. have filed a notice of cross appeal from the order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendants Jay Lebowitz and Dabru Realty Corp. are awarded one bill of costs.

The plaintiff Verne Getreu, a licensed real estate broker, initiated this action alleging that he was the procuring cause of a sale of certain real property and thus is entitled to a brokerage commission equal to 10% of the sales price. We find that the plaintiff did not bring the parties to the transaction together with respect to the terms of any purchase *(see, Taibi v American Banknote Co.,* 135 AD2d 810).

A broker is not the procuring cause "simply because he initially called the property to the attention of the ultimate purchaser * * * there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" *(Greene v Hellman,* 51 NY2d 197, 205-206).

In this instance, the most that can be said for the plaintiff's

efforts is that he alerted the defendant Jay Lebowitz to the availability of the property. The plaintiff never arranged nor attempted to arrange for a meeting between Lebowitz and the seller, nor did he even show Lebowitz the property. He did no negotiating on Lebowitz's behalf, and, in fact, he inflated the purchase price from $100,000 to $200,000. Moreover, the record is barren of any effort by the plaintiff to determine how payment was to be made, the amount of real estate taxes on the property or the value of the property.

As the plaintiff was unable to adduce proof of genuine issues of material fact, summary judgment in favor of Jay Lebowitz and Dabru Realty Corp. was appropriate (see, Ferber v Sterndent Corp., 51 NY2d 782). Bracken, J. P., Kooper, Rubin and Miller, JJ., concur.