■ CENTURY 21 NORM FOOTE, INC., Respondent, v JOHN L. MEYER, as Coexecutor of NORMAN H. MEYER, Deceased, Appellant.—Weiss, J. Appeal from a judgment of the Supreme Court (Plumadore, J.), entered November 20, 1989 in Clinton County, upon a decision of the court in favor of plaintiff.

Plaintiff, pursuant to an oral listing agreement with defendant, produced Plattsburgh Supply as a prospective buyer for a parcel of commercial property which the estate of Norman

H. Meyer (hereinafter decedent) sought to sell. The March 8, 1985 contract between that buyer and the estate for sale of the property provided that defendant would pay a real estate broker's commission of 6% of the sale price to plaintiff. The contract also contained the following provision: "This agreement is subject to the right of first refusal of Janet Pratt and Robert Meyer." This provision related to a compromise agreement to settle a will contest between decedent's three children in which Janet Pratt and Robert Meyer were given the "first options to buy any and all estate assets that may be offered for sale * * * upon the same terms and conditions as offered by any prospective bonafide purchaser". Meyer gave written notice purporting to exercise his right of first option to purchase the subject property. He then assigned his right to William Chase, to whom the estate ultimately sold and conveyed the property. Upon the refusal of the estate to pay the commission to plaintiff, this action ensued. After a nonjury trial upon stipulated facts and documents, Supreme Court found that plaintiff was entitled to the commission. Defendant has appealed and we affirm.

Plaintiff's listing agreement was both subject to, and protected by, the first option clause contained in the will contest compromise agreement. If the exercise of the right of first refusal by Meyer was improper because he did not contract to purchase or take title, defendant's conveyance to his assignee was similarly invalid because of the first contract. On the other hand, if Meyer had effectively exercised this right, the same terms and conditions contained in the contract produced by plaintiff would apply to his purchase including defendant's obligation to pay plaintiff the real estate broker's commission. In his "Notice of the Exercise of First Option", Meyer specifically referred to the clause granting him that right in the will contest compromise agreement and also referred to the purchase and sale agreement dated March 8, 1985 between defendant and Plattsburgh Supply. Meyer exercised his "right of first option" upon the same terms and conditions in that contract agreement. Because those terms included the obligation of defendant to pay the real estate broker's commission to plaintiff, Supreme Court properly held in favor of plaintiff.

We find no merit in defendant's remaining contentions.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Yesawich, Jr., and Crew III, JJ., concur.