(March 9, 1992)

■ ABRAHAM ACKERMAN et al., Respondents-Appellants, v IRVING L. DOBBS, Appellant-Respondent.—In an action to recover a real estate broker's commission, the defendant appeals from so much of an order of the Supreme Court, Kings County (Williams, J.), dated June 7, 1990, as denied his cross motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's cross motion for summary judgment is granted, and the complaint is dismissed; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

Sometime in the late summer or fall of 1988 the defendant began negotiations with Corrado Manfredi for the sale of the defendant's property on Coney Island Avenue in Brooklyn. Manfredi, whose own business was conducted on property next to the defendant's, was the original owner of the subject property and wished to repurchase it from the defendant, to whom he had sold it in 1983. Both men operated automobile dealerships and Manfredi wished to expand. An offer of $2.5 million was made, and in December the prospective parties and their attorneys met to discuss the transaction. No final bargain was struck, however, because the defendant wished to assure himself that the price was fair. The defendant also had another $2.5 million offer from another dealer.

In January 1989 the defendant contacted the plaintiff Abraham Ackerman, a real estate broker who, with the plaintiff Robert Hofstatter, did business as Royal York Realty. Their meeting resulted in an "exclusive right to sell" brokerage contract dated January 18, 1989, which, *inter alia,* recited that the plaintiffs were to offer the defendant's property for sale for $3,695,000, with a 5% commission due to the plaintiffs if the property were sold during the 90-day life of the agreement, whether or not the broker found the buyer. Another provision obligated the defendant to pay the commission even if the sale took place after the contract period expired, provided that the defendant sold "to a person that was shown the property during the term of this agreement".

The record reveals that the only offer that the plaintiffs transmitted to the defendant was Manfredi's, and for the same $2.5 million he had offered the defendant before the broker's agreement was executed. The plaintiffs do not allege that they introduced Manfredi to the property, or that they showed him the premises, or discussed any of the terms and conditions of a proposed sale. Rather, the plaintiffs claim that another broker named Stephen Barabas contacted Manfredi after learning of the property, received an offer from Manfredi of $2.5 million, and called the plaintiff Ackerman, who then called the defendant. Manfredi disputes using a broker and Ackerman denies that he ever knew about Manfredi's earlier offer to the defendant. However, it is uncontroverted that the defendant rejected the offer Ackerman described to him, and that the property remained on the market, unsold, for the entire period set forth in the agreement.

After the brokerage agreement expired in April 1989 the

defendant again contacted Manfredi directly and on May 16, 1989, entered into a contract of sale, by which the defendant sold the property to Manfredi for $2.2 million.

In view of the foregoing we hold that under the clear terms of the agreement no commission was due to the plaintiffs. The defendant sold the property after the agreement expired. Under the terms of the contract, the broker was entitled to a commission only if the property was bought by a buyer who had been "shown" the property during the life of that agreement. The obvious intention of this provision was to foreclose a seller from receiving the benefit of the broker's services and then, after a buyer had been found during the period the agreement was in force, avoiding the commission through the simple device of waiting until the brokerage contract had expired. However, assuming that Manfredi did make the offer through Barabas as the plaintiffs claim (see, *Museums at Stony Brook v Village of Patchogue Fire Dept.,* 146 AD2d 572), there is no dispute that Manfredi was not found, introduced to, or shown the premises by the plaintiffs (or anyone else) during the applicable period. Obviously, Manfredi knew all about the property and its availability beforehand. Moreover, under these circumstances it simply cannot be said that the plaintiffs were responsible for bringing the parties to the transaction together or that they were the procuring cause of the sale (see, *Getreu v Lebowitz,* 162 AD2d 585). Although we note that the result would have been different if the sale to Manfredi had occurred during the 90-day period because of the flat obligation imposed by the agreement (see, *Blake Realty v Gilligan,* 155 AD2d 816), no obligation existed afterward other than what is set forth above. The plaintiffs are bound by the terms of the agreement they executed (see, e.g., *Florence v Merchants Cent. Alarm Co.,* 51 NY2d 793).

Accordingly, the cross motion for summary judgment dismissing the complaint should have been granted. Rosenblatt, J. P., O'Brien, Ritter and Copertino, JJ., concur.