(May 12, 1992)

■ FABRICAS DEL CALZADO CANADA, S. A., Appellant-Respondent, v MANUFACTURERS HANOVER WORLD TRADE CORPORATION et al., Respondents-Appellants, et al., Defendants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered July 19, 1990, which granted the motion of defendants Manufacturers Hanover World Trade Corporation ("World Trade") and Manufacturers Hanover Trust Co. to renew their prior motion for summary judgment, and, upon renewal, vacated the judgment entered July 20, 1989 in favor of plaintiff and against defendant World Trade in the amount of $370,763.96, inclusive of interest and costs, but adhered to the prior order dated July 7, 1989 denying summary judgment dismissing the complaint as against them, unanimously modified, on the law, without costs, to deny vacatur of the judgment entered July 20, 1989, and otherwise affirmed.

Order of the same court, entered January 10, 1991, which

granted plaintiff's motion to renew and reargue the order of July 19, 1990, vacating the judgment entered July 20, 1989, to the extent of directing defendant World Trade to post an undertaking in the amount of $370,763.96 to secure any judgment that may be entered against it, unanimously reversed, on the law, without costs, and the judgment entered July 20, 1989 reinstated.

The IAS Court erred in vacating the judgment entered July 20, 1989 based solely upon the uncorroborated deposition testimony of defendant Footwear's president that Footwear was the purchaser of the shoes manufactured by plaintiff, and that defendant World Trade's only role in the transaction was as Footwear's factor. Plaintiff produced extensive documentation showing that defendant World Trade had, in fact, purchased the shoes from the plaintiff, resold them to defendant Footwear, and then refused to pay for their purchase *(Alvarez v Prospect Hosp.,* 68 NY2d 320; *Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255).

Similarly, the IAS Court, in its January 10, 1991 order, erred in denying plaintiff's motion for reinstatement of the July 20, 1989 judgment based upon plaintiff's recent discovery of an internal memorandum, withheld by defendant World Trade, which definitively established that defendant World Trade was, in fact, the purchaser of the shoes, and is therefore obligated to pay for them.

Finally, we find that the IAS Court properly denied defendant World Trade's cross-motion for summary judgment dismissing the complaint. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.