■ RENNERT DIANA & Co., INC., Respondent, v RICHARD ZISKIND, Appellant, et al., Defendants. [595 NYS2d 68] —In an action to recover a real estate broker's commission, the defendant Richard Ziskind appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered June 20, 1990,

which, after a nonjury trial, was in favor of the plaintiff and against him in the principal amount of $21,840.

Ordered that the judgment is affirmed, with costs.

Upon a review of the record we agree with the Supreme Court that Richard Ziskind's brokerage agreement with the plaintiff was one which granted an "exclusive right" to the latter to sell the property during a 60-day period commencing March 18, 1988, and that the buyer D & R Diversified Services, Inc. (hereinafter D&R Diversified), and its principal, Frank Davis, had not been excluded from that agreement. Thus, under its terms a commission was due if a sales "transaction" involving this buyer occurred during the life of the agreement, whether or not the broker had been the procuring cause of the sale (see, Hyde Realty v Yerganian, 150 AD2d 417), and it did not matter that the buyer had been known to the seller beforehand (see, Blake Realty v Gilligan, 155 AD2d 816). Although we find that the sales transaction took place after the 60 days had expired inasmuch as buyer and seller did not enter into a written contract until May 31, 1988, the brokerage agreement contained a clause under which a commission still would be due if a prospect had "inspected or negotiated for" the property during the life of the agreement and then entered into a transaction within six months after the expiration of that agreement. We hold that a commission was due under this provision.

The trial court found that on May 11, 1988, Ziskind was present on the subject premises with the principal of D&R Diversified, Frank Davis, and that Ziskind had stated to the plaintiff's salesperson that D&R Diversified was buying the property, a determination we find no reason to disturb on appeal. This did not constitute proof of a sales transaction for purposes of the agreement (see, White & Sons v La Touraine-Bickford's Foods, 50 AD2d 547, 548, affd 40 NY2d 1039; Rennert-Diana & Co. v Costarino, 128 AD2d 691) but did indicate, at a minimum, that negotiations for the property had taken place during the 60-day period. Thus, upon the signing of the contract of sale on May 31, 1988, a commission became due. We note that this case is distinguishable from our decision in Ackerman v Dobbs (181 AD2d 704), inasmuch as the agreement to pay a commission by the property owner in that case arose only where the buyer had been "shown" the property during the applicable period, which had not occurred. Not only was the condition contained in the present case met; Ziskind also breached a separate contractual obliga-

tion to refer all potential customers to the plaintiff during the 60-day period, which prevented the plaintiff from performing with respect to the ultimate purchaser. We thus reject Ziskind's argument that the broker had not done enough to earn its commission *(see, Interactive Props. v Doyle Dane Bernbach,* 125 AD2d 265, 269).

We have examined Ziskind's remaining contention and find it to be without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.