■ SANTINA PRIOLO et al., Respondents-Appellants, and GERALDINE MARTINS et al., Intervenors-Respondents-Appellants, v ST. MARY'S HOME FOR WORKING GIRLS, INC., et al., Appellants-Respondents. [616 NYS2d 36] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about March 26, 1993, which, inter alia, granted defendants' motion for summary judgment to the extent of dismissing the fifth cause of action for breach of an oral contract, and denied the motion with respect to the causes of action for age discrimination, and waiver of and estoppel against enforcement of the parties' written agreement, unanimously modified, on the law, to deny summary judgment as to the fifth cause of action, and otherwise affirmed, without costs.

We disagree with the IAS Court that proof of the alleged oral agreement giving plaintiffs the right to stay at defendants' residence indefinitely is necessarily barred by the parol evidence rule, there being an issue of fact whether the print in the parties' written agreement limiting residency to four years was less than eight points in depth, and thus a question whether the parties have an enforceable written contract

(CPLR 4544). In addition, as to those plaintiffs who lived in defendants' residence for two years before signing written agreements limiting their residency to four years, parol evidence is admissible to show that the written agreements were not supported by consideration *(see, Ehrlich v American Moninger Greenhouse Mfg. Corp.,* 26 NY2d 255, 258; Richardson, Evidence § 608 [Prince 10th ed]). Accordingly, we modify to reinstate the fifth cause of action and otherwise affirm for the reasons stated by the IAS Court (157 Misc 2d 494). Concur—Sullivan, J. P., Rosenberger, Ross, Williams and Tom, JJ.