■ J.E. HORAN DUFFY REALTY, INC., et al., Appellants, v KENNETH BRIGHTON, Defendant and Third-Party Plaintiff-Respondent. DAMIR PLISIC et al., Third-Party Defendants-Respondents. [628 NYS2d 359] —In an action to recover a real estate brokerage commission, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Burke, J.), dated December 10, 1991, which denied their motion for summary judgment, and (2), as limited by their brief, from so much of an order of the same court, dated December 16, 1993, as, in effect, upon granting reargument, adhered to its original determination.

Ordered that the appeal from the order dated December 10, 1991, is dismissed, as that order was superseded by the order dated December 16, 1993, made upon reargument; and it is further,

Ordered that the order dated December 16, 1993, is reversed insofar as appealed from, on the law, the order dated December 10, 1991, is vacated, and the plaintiffs' motion for summary judgment is granted; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

Pursuant to the terms of the brokerage agreement entered

into between the plaintiffs and the defendant, the plaintiffs were granted an exclusive right to sell. The agreement further provided that a commission was owed to the plaintiffs if the ultimate purchaser of the premises had negotiations with the seller or broker during the term of the agreement, regardless of when the actual purchase took place, and regardless of whether the broker had been the procuring cause of the sale *(cf., Rennert Diana & Co. v Ziskind,* 191 AD2d 545).

It is undisputed that, although the defendant's property was purchased after the termination of the brokerage agreement with the plaintiffs, the purchasers were introduced to the defendant during the term of the agreement by the plaintiffs, and negotiated with the defendant during the term of the agreement. Accordingly, based on the circumstances of this case, the plaintiffs are entitled to a commission on the sale of the defendant's property. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.