■ MAVCO REALTY CORP., Respondent-Appellant, v M. SLAYTON REAL ESTATE, INC., et al., Appellants-Respondents. [786 NYS2d 63]—

In an action for a judgment declaring that the defendants are not entitled to compensation arising from a brokerage agreement, the defendants, M. Slayton Real Estate, Inc., Marc Slayton, and Paul Slayton, appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), entered April 15, 2003, as denied the motion of the defendant M. Slayton Real Estate, Inc., for summary judgment on its counterclaim to recover a real estate commission in the sum of $1,000,000, and the plaintiff cross-appeals, in effect, from so much of the same order as denied its cross motion for summary judgment.

Ordered that the appeals by the defendants Marc Slayton and Paul Slayton are dismissed, without costs or disbursements, as those defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant M. Slayton Real Estate, Inc., and cross-appealed from by the plaintiff, without costs or disbursements.

The plaintiff and the defendant M. Slayton Real Estate, Inc. (hereinafter Slayton R.E.), entered into a brokerage agreement (hereinafter the agreement) on June 20, 2000. The agreement provided, inter alia, that Slayton R.E. would be entitled to a commission in the sum of $1,000,000 when the plaintiff closed on the title to a specified leasehold interest and entered into a certain lease or modification of a lease (hereinafter the two underlying transactions). It is undisputed that these conditions were fulfilled. The plaintiff refused to pay the commission and commenced this action for a judgment declaring that Slayton R.E. is not entitled to any compensation arising from the agreement. The plaintiff alleged that neither Slayton R.E. nor Marc Slayton and Paul Slayton were licensed real estate brokers when the plaintiff and Slayton R.E. made the agreement or when Slayton R.E. allegedly performed services pursuant to the agreement.

Slayton R.E., inter alia, moved for summary judgment on its first counterclaim to recover a brokerage commission in the sum of $1,000,000. The plaintiff cross-moved, inter alia, for summary judgment on the complaint. The Supreme Court denied the motion and the cross motion, determining that a tri-

able issue of fact existed as to the intent of the parties in executing the agreement. We agree with the Supreme Court's denial of summary judgment, but on different grounds.

In order to collect a real estate brokerage commission, a claimant must be licensed at the time the cause of action arises (*see* Real Property Law § 442-d). This does not mean, however, that the broker may collect merely because he, she, or it has obtained the license by the time of the closing of the transaction. If the broker was unlicensed at the time the services which form the consideration for the claimed commission were rendered, the services were illegally performed (*see* Real Property Law § 442-e; *Bendell v De Dominicis,* 251 NY 305, 311 [1929] ["Illegality is a defense to the action independently of the burden of allegation and proof contained in section 442-d"]). A real estate broker who is unlicensed when services were rendered cannot recover commissions; this is a "court-imposed disability" (*Galbreath-Ruffin Corp. v 40th & 3rd Corp.,* 19 NY2d 354, 362 [1967]).

Slayton R.E. was unlicensed from July 12, 1999, until February 27, 2001. The agreement stated that Slayton R.E. was the sole broker "who has brought about" the two underlying transactions. The agreement, however, clearly provided that Slayton R.E. would be deemed to have earned its commission only upon closing of the prime leasehold transaction and the entry into a new lease or lease modification. These events occurred on July 17, 2001, and November 27, 2001, respectively, after Slayton R.E. had its license reinstated on February 27, 2001. Slayton R.E. relies on the satisfaction of these two contingencies in arguing that it was an exclusive broker which need not have performed any services in order to be entitled to a commission (*see Rennert Diana & Co. v Ziskind,* 191 AD2d 545, 546 [1993]; *Hyde Realty v Yerganian,* 150 AD2d 417 [1989]; *Hess v Kruse,* 131 AD2d 545, 546 [1987]).

This argument ignores the representation by Slayton R.E. in the agreement that it was the sole broker "who has brought about" the two underlying transactions. Although Slayton R.E. alleged in a mechanics' lien filed against the subject property that it rendered services between June 20, 2000, and May 29, 2002, its representation in the agreement, if true, would establish that its services were rendered before June 20, 2000. Furthermore, it is possible that Slayton R.E. was inferentially obligated to use reasonable efforts to conclude the two underlying transactions even after June 20, 2000 (*see Galbreath-Ruffin Corp. v 40th & 3rd Corp., supra* at 366). Remembering that Slayton R.E. was without a license between July 12, 1999, and

February 27, 2001, this Court cannot conclude that Slayton R.E. was, in fact, licensed when it performed the services for which it seeks to be compensated in the sum of $1,000,000.

In addition, the first counterclaim recites the services for which Slayton R.E. was to be compensated. The services allegedly were performed by the defendants Paul Slayton and Marc Slayton. The record does not reveal whether either of these individuals possessed a license to enable him to act on behalf of Slayton R.E. (*see* Real Property Law § 441-b [2]; *Galbreath-Ruffin Corp. v 40th & 3rd Corp., supra* at 363-364).

Accordingly, triable issues of fact exist as to whether Slayton R.E. was licensed when its services were rendered, whether either of the individual defendants acted on behalf of Slayton R.E. in bringing about the underlying transactions and, if so, whether the individual defendants were licensed to act on behalf of Slayton R.E. These issues preclude summary judgment. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.