GRENIER-MALTZ COMPANY OF LONG ISLAND, INC., Respondent, v INTERPHARM HOLDINGS, INC., et al., Appellants, et al., Defendant. [903 NYS2d 496]—

In an action to recover a real estate brokerage commission, the defendants Interpharm Holdings, Inc., Interpharm, Inc., and Interpharm Realty, LLC, appeal from (1) an order of the Supreme Court, Nassau County (Woodard, J.), entered April 30, 2009, which granted the plaintiff's motion for summary judgment on the complaint and denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court dated May 1, 2009, which, upon the order, is in favor of the plaintiff and against them in the principal sum of $1,000,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Pursuant to the terms of the brokerage agreement entered into between the plaintiff and the appellants, the plaintiff was granted an exclusive right to sell certain real property located at 50 Horseblock Road in Yaphank. The exclusive listing agreement further provided that the plaintiff would be entitled to a 5% commission if, during a period of six months after the expiration date of the agreement, the property was sold to a prospect who had "inspected or negotiated for" the property during the term of the agreement. The Supreme Court properly held that the appellants were obligated to pay the plaintiff a commission under this provision.

The plaintiff established, prima facie, its entitlement to judgment as a matter of law by submitting evidence that the appellants negotiated with Kashiv, LLC (hereinafter Kashiv), for the sale of the premises during the term of the agreement (*see J.E. Horan Duffy Realty v Brighton*, 216 AD2d 358, 359 [1995]; *Rennert Diana & Co. v Ziskind*, 191 AD2d 545 [1993]; *cf. Ackerman v Dobbs*, 181 AD2d 704, 705-706 [1992]). In opposition, the appellants failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the appellants' contention, they were not absolved of their obligation to pay the plaintiff its commission when Kashiv assigned its rights and obligations under the contract of sale to another entity, as the negotiations which occurred during the term of the agreement contemplated the possibility of such an assignment on the same terms negotiated by Kashiv (*see generally Century 21 Norm Foote v Meyer*, 170 AD2d 873 [1991]). Furthermore, the fact that the appellants sold substantially all of their assets pursuant to an asset purchase agreement in conjunction with the sale of the premises did not defeat the plaintiff's right to recover a commission (*cf. Matter of New York City School Constr. Auth. [Briguglio—Empress Realty]*, 288 AD2d 224 [2001]; *Nitsch v Warburton Hall Assn.*, 129 Misc 273 [1927], *affd* 222 App Div 750 [1927]). Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and denied the appellants' cross motion for summary judgment dismissing the complaint insofar as as-

serted against them. Mastro, J.P., Covello, Belen and Hall, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30993(U).]**